## MATILDA LOEB v. JOSEPH BARRIS.

1. Where a copy of the lease under seal is annexed and referred to in the body of the pleadings as so annexed, it becomes part of the record; the defendant need not crave oyer and set it out on the face of the plea.

2. Where a lease under seal describes the lessor as "H. B., agent of M. L.," and it is signed "H. B., agent," with his seal, the words "he" and

"his" being used in all the terms and covenants, naming the party of the first part, a declaration in the name of M. L. is bad, on demurrer.

3. If a deed be *inter partes*, a third person, not named as a party, cannot sue thereon.

On *certiorari* to the First District Court of Newark.

Argued at November Term, 1887, before Justices SCUDDER and PARKER.

For the plaintiff, *F. E. Bradner.*

For the defendant, *S: Howell Jones.*

The opinion of the court was delivered by

SCUDDER, J.   The plaintiff, Matilda Loeb, brought an action on contract against the defendant, Joseph Barris, to recover damages for breach of covenant to repair and keep in repair certain premises demised to the defendant by lease under seal.   The declaration sets out a lease made by the plaintiff in her own name, and the defendant is summoned to answer her for breach of contract.   A copy of the lease is annexed to the declaration referred to in the body of the pleading as so annexed, and thus forms part of the record. *Rev., p.* 867, § 123; *Harrison* v. *Vreeland,* 9 *Vroom* 366; *Hogencamp* v. *Ackerman,* 4 *Zab.* 133.   It is not necessary to crave oyer and set it out on the face of the plea. *Hill* v. *Smalley,* 1 *Dutcher* 239.   This copy of the lease shows that it was made between "H. Beck, agent for Matilda Loeb," of the first part, and Joseph Barris, of the second part.   The words "he" and "his" are used in all the terms and covenants in the lease, when speaking of the party of the first part; it is signed "H. Beck, agent," and sealed with his seal; the attestation being that the said parties have hereto, in duplicate, set their hands and seals, &c.   The only mention of Matilda Loeb is in the first sentence, where the party of the first part is styled "H. Beck, agent for Matilda Loeb."

The defendant did not crave oyer of the lease, of which

profert was made in the declaration, but demurred. The lease having been referred to in the declaration, and thereby made a part of the record, the defendant need not crave oyer to get the advantage of any difference between it and the description of it contained in the declaration. He may plead or demur for any apparent discrepancy. He has demurred, and the cause of his legal objection to the pleading is that the plaintiff is not a party to the lease. Where a lease under seal is drawn and signed in this form as agent, or agent of another person by name, it has been uniformly held that it is the deed of the party, and the word "agent," or words "agent of another," are mere *descriptio personæ.*

A different rule is found where the instrument is not under seal. Thus, in *Dicey on Parties* 155, it is said: "If an agent, though in reality signing as agent for a principal, execute a deed in his own name, he is the only person who can sue upon the instrument, and this is so, even though it be expressed to be made 'between A. as agent of P., of the one part, and T. of the other.' *Wood L. & T., p.* 203, § 134, and cases in note; *Elwell* v. *Shaw*, 16 *Mass.* 42, 47; *New England Marine Insurance Co.* v. *De Wolf*, 8 *Pick.* 56, 63, annotated in 1 *American L. C.* 596, 600; *Evans* v. *Wells*, 22 *Wend.* 324; *Briggs* v. *Partridge*, 64 *N. Y.* 357; *Schafer* v. *Henkle*, 75 *N. Y.* 378. It is said in this last case that in order to take the case out of the general rule, where the contract is one valid without a seal, it must appear from the instrument that it was really made on behalf of the principal, or that he had derived benefit from and accepted and confirmed it by acts on his part. The attempt to use these exceptions has in many cases led to much confusion of authority. In this case the lease would have been good without the seal of the party, but having chosen to make it in this more deliberate and solemn form, it should be construed according to the rule governing sealed instruments. Nothing appears on the record in the pleading excepting that the defendant entered into possession under the lease, and broke his covenant to keep in repair. It is a simple rule, laid down in *Huntington*

v. *Knox,* 7 *Cush.* 371, 374, that when a contract is made by deed under seal, on technical grounds, no one but a party to the deed is liable to be sued upon it, and therefore, if made by an agent or attorney, it must be made in the name of the principal, in order that he may be a party, otherwise he is not bound by it. This rule has been enforced quite stringently in a recent case in this court, *Dayton* v. *Warne,* 14 *Vroom* 659, where trustees of a private corporation signed a bond in their individual names describing themselves as such trustees; this was said to be their individual bond and not the bond of the corporation, aithough it appeared that it was for its benefit; and it was further said that this is the rule in the English courts from *Combes' Case,* 9 *Coke* 75, down to the present time. It is also held to be an inflexible rule that if a deed be *inter partes,* that is, on the face of it expressly describes and denotes who are the parties to it, a third person, not named as a party, though the contract purports to be made for his sole advantage, cannot sue thereon. 1 *Ch. Pl.* 3. The lease having been formally executed by both parties, it is not within the rule, "that if one party execute his part of an indenture it shall be his deed, though the other does not execute his part." *Comyn's Dig. Fait C.* 2.

In *Cooch* v. *Goodman, Q. B.* 599, on an indenture of lease, (the declaration was in covenant, and the plea was that the indenture was not signed by the lessors or their agents), it was held that where the declaration stated that the defendant entered under the demise and enjoyed during the whole term, it was not necessary to show that the lease was executed by the plaintiff, and in fact it was not so executed. So, in *Hughs* v. *Clark,* 10 *C. B.* 905, there was an action of debt for rent on an indenture of lease. The plea was *non est factum.* On production and proof of a counterpart executed by the defendant, without proving the execution of the lease by the plaintiff, the plaintiff was adjudged to be entitled to recover. *Wilson* v. *Wolfryes,* 6 *M. & S.* 341; *Cardwell* v. *Lucas,* 2 *M. & W.* 111, are like exceptional cases. These are all distinguishable from the present case, where

there is a demurrer, and the lease declared upon and spread on the record purports to be executed by both parties, but on the plaintiff's part, not in the name of the principal who sues, but in the name of an agent. The defendant has entered into no such covenant with the plaintiff as that set forth in her declaration, and she can bring no action on the lease.

The demurrer will be sustained and the judgment affirmed.