70   125
70   492

ALBERT FONSLER, PROSECUTOR, v. ATLANTIC CITY.

Submitted June 18, 1903—Decided November 9, 1903.

1. It is within the power of Atlantic City to pass ordinances regulating the business of driving omnibuses, automobiles or locomobiles, and fixing the fares to be charged.
2. An ordinance making it unlawful for the driver to refuse to convey any passenger in Atlantic City is a reasonable exercise of power.

On *certiorari.*

Before Justices GARRISON, GARRETSON and SWAYZE.

For the prosecutor, *William I. Garrison.*

For the defendant, *Harry Wootton.*

The opinion of the court was delivered by

GARRETSON, J.    The prosecutor was convicted of the violation of a city ordinance of Atlantic City, entitled "An ordinance to regulate the business of driving omnibuses, automobiles or locomobiles, and fixing the fares to be charged."

The reasons filed attack only the ordinance itself, the particular offence charged in this case being a refusal to carry a passenger and not having a sign "engaged" displayed.

Section 1 of the ordinance fixes the fares to be charged.

Section 2 provides that it shall be unlawful for the driver of any omnibus, automobile or locomobile to refuse to carry any passenger from one point to any other point in Atlantic City, and no delay or wait for additional passengers shall be made exceeding five minutes.

Section 3 provides that if a driver has been engaged and proposes to refuse to convey any other person, he shall display a sign, furnished by the city, containing the word "engaged" in a conspicuous place on his vehicle, and no driver displaying such sign shall solicit passengers or be employed by any other person while such sign is displayed.

Section 4 provides the part of the pavement of the street where the horse shall stand when the vehicle is standing on the street.

Section 5 requires the driver to keep a copy of the ordinance displayed in a conspicuous place inside the vehicle.

Section 6 provides for numbering each vehicle and a record to be kept and the number fixed on the inside of the door; that no person under sixteen shall be licensed; that the driver shall wear in a prominent position on his clothing a number which shall be the same as the number issued for the conveyance; that all licenses shall specify the name of the driver and no person not licensed shall drive any of the conveyances; that the license may be amended by the mercantile appraiser so as to change the driver, the mercantile appraiser to keep a record of the drivers to whom licenses have been issued, and that the driver shall keep displayed prominently on the inside of the door a card or notice specifying the rates of fare charged and making

it unlawful to charge a rate in excess of that specified on the card or notice.

Section 7 fixes a penalty of $20 for any violation of the ordinance, upon conviction before the recorder.

The power of Atlantic City to pass an ordinance regulating the business of driving omnibuses, automobiles or locomobiles, and fixing the fares to be charged, seems to be abundantly conferred by various statutes, viz., by a supplement to the charter of Atlantic City, approved March 13th, 1866; by another supplement, approved March 22d, 1871, and by a general act applicable to all cities, approved May 16th, 1894 (*Gen. Stat., p.* 2236, § 532), and we are unable to see that any of the regulations imposed by this ordinance are unreasonable.

There is nothing unreasonable in requiring the driver of an omnibus, permitted by the city's license, to run his vehicle on the public street, to carry all persons applying to him for passage and legally tendering the fare, as common carriers are required to do; and a further regulation, such as is made in this ordinance, which provides for a convenient notification to intending passengers that the vehicle is already in actual use, which provision seems to be as well for the convenience of the driver, has nothing unreasonable in it.

The judgment should be affirmed.