### ATLANTIC CITY v. BROWN.

Argued February 19, 1904—Decided June 13, 1904.

1. The act of 1894 (*Gen. Stat., p.* 2236), entitled "An act respecting licenses in cities, townships, incorporated towns, incorporated townships, sanitary and improvement commissions and incorporated camp-meeting associations and seaside resorts," is valid, and authorizes the City of Atlantic not only to fix a license fee, but also to establish reasonable regulations for the conduct of the business of licenses.
2. One who solicits the services of a licensed hackman is a passenger within the meaning of the second section of the city ordinance.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Thompson & Cole.*

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutor was convicted by the recorder of Atlantic City for the alleged violation of a city ordinance to regulate the business of driving omnibuses.

Section 2 of the ordinance under which the controversy arises reads as follows:

"And be it further ordained, that it shall be unlawful for the driver of any omnibus, or automobile, or locomotive, to refuse to convey any passenger from any one point to any other point in Atlantic City, and no delay or wait for additional passengers shall be made exceeding five minutes."

Section 1 prescribes the rate of fare to be exacted by the carrier.

In the case of *Fonsler* v. *Atlantic City,* 41 *Vroom* 125, this court conceded that Atlantic City had power to pass section 2 of the ordinance.

The act conferring the power is entitled, "An act respecting licenses in cities, townships, incorporated towns, incorporated townships, or police, sanitary and improvement commissions and incorporated camp-meeting associations and seaside resorts," amended by act of 1894. *Pamph. L., p. 393.*

The title is sufficiently broad, not only to authorize the license fee, but also to establish reasonable regulations for the business. It is not an act to authorize licenses, but an act respecting licenses, and covers the entire field, which, it may reasonably be presumed, the legislature intended to place under the control of cities. The title suggests the imposition of a license fee to cover the expenses of municipal supervision of the business, and it equally suggests legislation regulating the use of the license when granted.

The contention that a person is not a passenger within the meaning of section 2 of the ordinance until he actually enters the vehicle and is accepted by the carrier is without merit.

Such construction of the ordinance would render it nugatory at the will of the licensee, as he could refuse to accept the applicant for a passage. The word has a broader meaning, including all who solicit the service of the carrier.

In *Fonsler* v. *Atlantic City, supra,* this court said: "There is abundant authority granted to Atlantic City to pass this ordinance by a supplement to the city charter, approved March 13th, 1866; by another supplement, approved March 22d, 1871; and a general statute, applicable to all cities,

approved May 16th, 1894 (*Gen. Stat., p.* 2236, § 532); and we are unable to see that any of the regulations imposed by the ordinance are unreasonable."

The conviction is sustained and the writ dismissed, with costs.