## ATLANTIC CITY, DEFENDANT IN ERROR, v. JOSEPH BROWN, PLAINTIFF IN ERROR.

Argued March 21, 1905—Decided November 20, 1905.

A public omnibus driver, duly licensed by the municipality in which he conducts his business, is bound to observe such reasonable regulations, relating to the subject-matter of the license, as the municipality sees fit to impose.

On error to the Supreme Court. For opinion of that court, see 42 *Vroom* 81.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *Henry Wootton.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This writ of error brings up a judgment of the Supreme Court affirming the conviction, before the recorder of the city of Atlantic City, of the plaintiff in error, a licensed omnibus driver, for violating the provisions of section 2 of an ordinance of Atlantic City which provided that it should be unlawful for the driver of any omnibus to refuse to convey any passenger from any one point to any other point in Atlantic City, and that no delay or wait for additional passengers should be made exceeding five minutes. The violation of which the plaintiff in error was convicted was his refusal to carry one Frank Scott as a passenger from one point in the city to another.

The principal assignments of error are (1) that the city council was not, at the time of passing the ordinance in question, invested with the power to pass the same; and (2) that Scott was not a passenger, within the meaning of the ordinance, because when he applied to the plaintiff in error for transportation his application was refused. Both of the matters raised by these assignments are discussed in the

opinion delivered by the Supreme Court (*Atlantic City* v. *Brown,* 42 *Vroom* 81), and for the reasons stated therein we consider these assignments without merit.

Two other reasons are assigned for the reversal of the judgment, which were not discussed in the opinion of the Supreme Court. The first is that the ordinance under which the conviction was had is unreasonable—and therefore void— (*a*) because the penalty which it imposes for a violation of its provisions, viz., a fine of $20, is grossly excessive; (*b*) because it permits the driver of an omnibus to charge only ten cents for the carriage of a passenger, even though he traverses the whole length or breadth of the city in transporting him; (*c*) because it requires the driver, under all circumstances and conditions, to accept a person who tenders himself as a passenger, under penalty of a fine for refusal; and (*d*) because it requires the driver to carry a person tendering himself as a passenger whether the driver does or does not want to carry such persons.

In disposing of the first point raised by this assignment, it is enough to say that the imposition of a fine of $20 for a violation of this provision of the ordinance does not seem to us to be excessive. In order to insure its observance the fine is required to be sufficiently large in amount to make it a matter of some moment to him who violates the provision. We think the second point specified under this assignment is also unsound. The fact that the rate of fare fixed by the ordinance prevails without regard to the distance traveled—the driver being permitted to charge ten cents for carrying his passenger a single block, as well as across the whole city—makes the ordinance reasonable in this regard. Ordinances regulating the rate of fare to be charged by street railway companies for the transportation of passengers are usually passed by cities in which such companies operate, and almost without exception the price permitted to be charged the passenger is the same, whether the passenger rides a short distance or from one end of the road to the other, within the city limits. The reasonableness of such an ordinance seems to be so universally conceded that we find no reported

case where it has been challenged, much less where it has been declared unreasonable. The burden of carrying a passenger a long distance for an inadequate compensation is compensated for by permitting a large compensation to be exacted for carriage over short distances. Assuming it to be true, as is suggested by the third point in this assignment, that the ordinance requires the driver, under all circumstances and conditions, to accept a person who tenders himself as a passenger, the provision is not on that account void *in toto,* but only so far as it imposes the penalty prescribed therein against those whose refusal to accept a person who offers himself as a passenger is justified by the circumstances and conditions under which the refusal occurs. *Pennsylvania Railroad Co.* v. *Jersey City,* 18 *Vroom* 286; *Gas Light Co.* v. *Rahway,* 29 *Id.* 510. As the case discloses no circumstance or condition which justified the refusal of the plaintiff in error to accept Scott as his passenger, his conviction cannot be set aside upon this ground. Nor does the fact that the ordinance requires the driver to carry a person tendering himself as a passenger, whether the driver does or does not want to carry such passenger, render it invalid. The duty is imposed by the city upon its licensees for the protection and convenience of intending passengers. Omnibus drivers who do not desire to be bound by the provision are under no obligation to accept a license from the city; if they choose to accept the license, they are bound to observe such reasonable regulations relating to the subject-matter of the license as the city sees fit to impose. That this regulation is a reasonable one seems to us to be beyond dispute.

The only other assignment of error requires no discussion. It is that the conviction does not show such a finding of facts as is required by law. The assignment, plainly, is based upon a misapprehension. An examination of the record shows that all of the facts necessary to sustain the conviction were either proved or admitted at the trial before the recorder, and are set out in the conviction itself.

The judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRISON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GRAY.  9.

*For reversal*—None.