SUSAN COLES, DEFENDANT IN ERROR, v. THOMAS P. Mc-
    KENNA AND ARTHUR L. MEYER, IMPLEADED, PLAINT-
    IFFS IN ERROR.

Argued February 18, 1910—Decided June 13, 1910.

1. In an action brought against four defendants jointly, the plaintiff
    cannot split up his cause of action by entering judgment final
    against two of the defendants by default, and subsequently enter-
    ing judgment final after verdict against the other defendants.
    The proper course is to enter interlocutory judgment against
    those who default, and the *venire* is then special as well as to try
    the issue as to inquire of the damages.
2. Where a judgment final is entered, the original cause of action
    is merged in the judgment, and, in the case of a joint debt, what-
    ever merges the cause of action as to one merges it as to all.
3. The plaintiff contracted with the manager of a hotel for the
    laundry work, and was informed that he was managing for two
    individual defendants; subsequently the plaintiff sued not only
    the two individual defendants but two corporations as well, join-
    ing all in the same suit, and entered judgment final by default
    against the two corporations. *Held,* that she thereby evinced an
    election to hold the corporations, and could not thereafter hold
    the individual defendants.

On error to the Monmouth Common Pleas.

Before Justices Garrison, Swayze and Parker.

For the defendant in error, *Thomas P. Fay.*

For the plaintiff in error, *Gilbert Collins.*

The opinion of the court was delivered by

Swayze, J.  This was an action brought against the West
End Company, Arthur L. Meyer, Thomas P. McKenna and
the Cottentin Hotel Company, to recover a laundress' bill.
Judgment final was entered by default against the West
End Company and the Cottentin Hotel Company and the
case thereupon proceeded to trial against the individual de-
fendants, and although the attention of the trial court was

called to the fact that judgment had already been entered against two of the defendants and that the plaintiff was thereby precluded from proceeding against the remaining defendants, the learned trial judge permitted the case to go to the jury; a verdict was rendered against the individual defendants and a separate judgment entered against them, which is now before us on this writ of error.

It is clear that the plaintiff cannot split up his cause of action in this way. At common law he was bound to join all defendants who were jointly liable. He could not have sued McKenna and Meyer alone, and even if they did not plead the non-joinder of the other defendants in abatement, nevertheless the defendant might demur or move in arrest of judgment or sustain a writ of error if it expressly appeared on the face of the declaration or some other pleading of the plaintiff that the party omitted was still living as well as that he jointly contracted. 1 *Chit. Pl.* (*14th Am. ed.*) 46. If therefore the contract was a joint one, as would appear from the face of the declaration, a judgment could not be entered thereon against two of the four joint contractors, for it would still be open to them to insist that the contract declared upon was a contract of four defendants and not of two alone. Our statute (*Pamph. L.* 1903, *p.* 544, § 37) does not apply to this case, but only to a case of misjoinder. The objection, however, goes deeper than the question of pleading. The cause of action merged in the judgment, and in the case of a joint debt whatever extinguishes or merges the debt as to one merges it as to all. *Robertson v. Smith,* 18 *Johns.* 459 (at *p.* 478). In *King* v. *Hoare,* 13 *M. & W.* 494, the contract was the joint contract of the defendant and one Smith. The plaintiff recovered a judgment against Smith and then sued the defendant. Baron Parke said: "If there be a breach of contract, or wrong done, or any other cause of action by one against another, and judgment be recovered in a court of record, the judgment is a bar to the original cause of action, because it is thereby reduced to a certainty, and the object of the suit attained, so far as it can be at that stage; and it would be useless and vexatious to

subject the defendant to another suit for the purpose of obtaining the same result. Hence the legal maxim, 'transit in rem judicatam'—the cause of action is changed into matter of record, which is of a higher nature, and the inferior remedy is merged in the higher. This appears to be equally true where there is but one cause of action, whether it be against a single person or many. The judgment of a court of record changes the nature of that cause of action, and prevents its being the subject of another suit, and the cause of action, being single, cannot afterwards be divided into two." Afterward it was held in a thoroughly considered case by the House of Lords that where judgment had been recovered against two partners for breach of a contract and suit was subsequently brought against a secret partner, the judgment recovered was a bar to the action. Lord Cairns, by way of illustration, referred to the case of a principal and agent where there was an election to sue the agent and afterwards suit was brought against the principal. He said: "If actions could be brought and judgments recovered first against the agent and afterwards against the principal, you would have two judgments in existence for the same debt or cause of action; they may not necessarily be for the same amounts and there might be recoveries had or liens and charges created by means of both, and there would be no mode upon the face of the judgments, or by any means short of a fresh proceeding, of showing that the two judgments were really for the same debt or cause of action; and that satisfaction of one was or would be satisfaction of both." *Kendall* v. *Hamilton, L. R., 4 App. Cas.* 504. In these cases the first judgment was recovered in a separate suit, but the reason which underlies the decision is equally applicable to a case like the present, where the defendants are joined in the same suit but judgment is entered by default against some of them prior to the trial of the case against the others. The difficulty is well illustrated by the present record, for it appears that the plaintiffs have a judgment entered on the 16th of November, 1908, for $657.65 against the corporate defendants, and a judgment entered December 29th, 1908, for $665.27 against the individual

defendants; and as Lord Cairns said: "There is no mode upon the face of the judgments, or by any means short of a fresh proceeding, of showing that the two judgments are really for the same debt or cause of action." It is for this reason that in the common law practice, where some of the defendants defaulted and others pleaded, there is a special *venire* as well to try the issue as to inquire of the damages. 2 *Tidd Pr.* 895. The form is given in *Tidd's Appendix* (at *p.* 239). And even after the entry of a judgment by default, if a verdict at the trial went in favor of the defendants who pleaded, that plea in an action upon contract inured to the benefit of all upon the ground that the contract was entire and the plaintiff must succeed upon it against all or none. "Hence," says Tidd, "if the plaintiff fail at the trial upon the plea of one of the defendants, he cannot have judgment or damages against the others who let judgment go by default."

If, instead of looking at the case as the plaintiff has presented it, as one of a joint contractual liability, we look at the merits as developed at the trial, the situation is this: Cottentin was the manager of a hotel, and employed the plaintiff to do the laundry work. The arrangement was made through the plaintiff's husband, who testified that Cottentin, at the conversation about opening the account, stated that he was going to manage the hotel for Meyer and McKenna. The account was kept in the name of the West End Hotel Company. The plaintiff was in doubt as to who was really Cottentin's principal, the West End Company, the Cottentin Hotel Company, or Meyer and McKenna. She could not have believed it to be the joint contract of all four. If Cottentin was in fact the agent of Meyer and McKenna the suit should have been brought against them alone. If, however, either the West End Company or the Cottentin Hotel Company was the principal, the suit should have been brought against that corporation which was in fact liable. It may be that the plaintiff had the election to hold either one of the corporations or Meyer and McKenna. She sought to avoid making such an election by suing all parties. She could not

prove a joint contract, and up to the time when she entered the judgment against the corporations it was still open to discontinue as to the corporations and to hold Meyer and McKenna; but by entering that judgment she evinced an election to hold the corporations and could not thereafter hold Meyer or McKenna. *Greenburg* v. *Palmieri,* 42 *Vroom* 83. The cause of action was single, and could not be the basis of two distinct judgments. The judgment must therefore be reversed and the record remitted to the Common Pleas for a new trial.