VITO LEONARDIS, PLAINTIFF-RESPONDENT, v. ROSA FREDA, DEFENDANT-APPELLANT.

Submitted May 16, 1930—Decided November 19, 1930.

Before Justices CASE, DALY and DONGES.

For the appellant, *J. Victor D'Aloia.*

For the respondent, *Anthony Calandra* and *James J. Farley.*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff against the defendant entered in the District Court of the Second Judicial District of Essex county.

The essential facts are that respondent brought suit against appellant and her husband, Giovanni Freda, in the District Court of East Orange, which suit was discontinued on January 18th, 1927. On the same day appellant was again sued jointly with her husband in the First District Court of Newark for the same cause of action. This second suit was tried and judgment was rendered in favor of the respondent against Giovanni Freda and a judgment of nonsuit was entered as to Rosa Freda, the appellant. Thereafter respondent instituted another suit in the District Court of the Second Judicial District of Essex ounty against the appellant, Rosa Freda, to recover the same amount as the verdict recovered against Giovanni. This action was dismissed or discontinued.

Plaintiff thereupon filed a bill in the Court of Chancery seeking to obtain a money judgment for the same cause of action against the appellant, Rosa Freda. This bill was dismissed, and thereafter the present action was brought by respondent against Rosa Freda to recover the same amount for which judgment was rendered against Giovanni Freda, appellant's husband, on May 6th, 1927, in the First District Court of Newark. The trial court rendered judgment in favor of the plaintiff-respondent.

We conclude that respondent is precluded from a recovery in his suit against the appellant by reason of the final judgment entered for the same cause of action against her husband. This view is supported by *Coles* v. *McKenna,* 80 *N. J. L.* 48, where it was said:

"Where a judgment final is entered, the original cause of action is merged in the judgment, and, in the case of a joint debt, whatever merges the cause of action as to one, merges it as to all."

In the discussion in that case the court dealt with the question as relating to principal and agent, and declared that

where judgment was obtained against the agent there could be no subsequent judgment against the principal.

The judgment is reversed, and under section 213a of the District Court act (*Cum. Supp. Comp. Stat., p.* 983; *National Bank* v. *Berrall,* 70 *N. J. L.* 757; *Shuster* v. *Arena,* 83 *Id.* 79; *Kendel* v. *Guterl,* 84 *Id.* 533; *Hurey* v. *Leavitt,* 93 *Id.* 299), judgment for the appellant-defendant, and against the respondent-plaintiff, may be entered in this court, with costs.