PERTH AMBOY DISTRICT COURT.

MARTIN TURK AND ELIZABETH TURK, PLAINTIFFS, v. VALENTINE LEITNER AND ANNA LEITNER, DEFEND-ANTS.

Decided September 22, 1937.

For the plaintiff, *David I. Stepacoff.*

For the defendants, *Jacob L. Karkus.*

MELKO, D. C. J.  On May 12th, 1937, plaintiffs instituted suit against defendants, Valentine Leitner and Anna Leitner, on a note, copy of which is as follows:

"Perth Amboy, N. J., May 9th, 1935.
. . Two years. after date . we. . promise to pay to the order of Martin Turk and Elizabeth Turk. . $547.50.  Five Hundred forty-seven 50/100. . Dollars with interest.
At the First National Bank of Perth Amboy, N. J.

VALENTINE LEITNER.
MRS. ANNA LEITNER."

Plaintiffs waived any excess over $500.  On the return day, May 21st, 1937, a "no appearance" was taken as against defendant Valentine Leitner and on May 27th, 1937, affidavit filed and final judgment for $500 and costs was entered in favor of plaintiff and against Valentine Leitner.

On August 25th, 1937, the matter came on for trial as to defendant Anna Leitner, at which time two defenses were

interposed, one that there was no consideration and the other that final judgment had already been entered on the note in question and that the action was merged in the final judgment.

When a note is made such as the one which is the subject of this suit and signed by two makers, they are presumed to be jointly liable and there is nothing in the proof to rebut this presumption, and it is held to be a joint obligation.

The New Jersey Practice act (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2817, § 163-296) provides that the court may control judgments as against several plaintiffs and several defendants, and

"When a complaint or a cause of action is sustained in favor of, or against only a part of the parties thereto, judgment (interlocutory or final) may be rendered in favor or against such parties respectively at any stage of the proceedings. But an unsatisfied judgment against one or some of several joint contractors shall not discharge any other joint contractors from liability on the contract * * *."

I feel, however, that the purposes of this act do not apply in the case of a joint obligation but that the decision of *Coles* v. *McKenna,* 80 *N. J. L.* 48; 76 *Atl. Rep.* 344, and *Leonardis* v. *Freda,* 8 *N. J. Mis. R.* 887; 152 *Atl. Rep.* 239, are controlling, in which it is held:

"In an action brought against four defendants jointly, the plaintiff cannot split up his cause of action by entering a judgment final against two defendants by default and subsequently enter judgment final after verdict against the other defendants. The proper course is to enter interlocutory judgment against those who default, and the venire is then special as well to try the issue, as to inquire of damages."

Where a judgment final is entered, the original cause of action is merged in the judgment, and, in the case of a joint debt, whatever merges the cause of action as to one merges it as to all.

Judgment therefore shall be in favor of the defendant Anna Leitner.