THE ORDINARY OF THE STATE OF NEW JERSEY, PLAIN-
TIFF, v. DANIEL BASTIAN, MABEL HOGUE AND LAURA
COIA, DEFENDANTS.

Decided February 17, 1939.

For the plaintiff, *Nathaniel S. Hyman.*

For the defendant, *Martin Bloom.*

JAYNE, S. C. C.   The present motion is leveled at . the
answer of the defendant Mabel Hogue.  This action is prose-
cuted by leave of the ordinary to establish the alleged forfei-
ture of the bond of an administrator.  *R. S.* 3:8-20.  The
three defendants executed the bond.  The defendant Laura
Coia, although served with process, was presumably dis-
inclined to interpose a defense and it seems to be conceded
that at the solicitation of the plaintiff a final judgment has
been entered against her in this action.

The answer filed by the defendant Mabel Hogue acknowl-
edges the truth of the allegations of paragraphs one to five
inclusive of the amended complaint.  Paragraph six, seven
and eight of the answer and also the first separate defense
are apparently intended to aver that the person at whose
request this action was instituted has no such interest in the
administration of the estate as to be aggrieved by the breach
of the condition of the bond.  Of course, the determination
of the ordinary to put the bond in suit must be regarded

here as conclusive. *In the matter of Conrad Honnass,* 14 *N. J. Eq.* 493; *In Ordinary* v. *Poulson,* 43 *N. J. L.* 33. Moreover, these averments are claimed to be sham. No affidavit is presented to substantiate the factual averments of this part of the answer. The affidavit submitted on behalf of the plaintiff evinces the falsity of such averments. Paragraphs six, seven and eight of the answer and the first separate defense are consequently determined to be sham.

Incidentally it may be pointed out that the failure of the administrator to render an account in due form of law, is assigned as the breach of the bond. *Dickerson* v. *Robinson,* 6 *N. J. L.* 195; *Ordinary* v. *Snook,* 10 *Id.* 65; *Ordinary* v. *Barcalow,* 36 *Id.* 15.

Upon the assumption that the plaintiff has elected to sue all of the defendants as joint obligors, the defendant Mabel Hogue avers in the second separate defense that the entry of the final judgment against the co-defendant, Laura Coia, merged the joint obligation in the judgment. At common law a plaintiff was obliged to join as defendants all those who were jointly liable. Non-joinder of parties, then living, who jointly contracted might be pleaded in abatement and where the basic facts of the non-joinder were apparent on the face of the pleading, a demurrer, motion in arrest of judgment or writ of error were available to the defendants. Where the contract was several as well as joint, the plaintiff was at liberty to proceed against the parties jointly or each separately and where there were more than two parties to a joint and several contract, as where three obligors were jointly and severally bound, the plaintiff was obliged to either sue them all jointly or each of them separately. In an action *ex contractu* against several parties on an alleged joint contract, it was incumbent upon the plaintiff to prove a joint contract at the trial. 1 *Chit. Pl.* (14*th Am. ed.*) 46. Accordingly it followed that in an action against several defendants in which a joint contractual liability was alleged, the entry of a final judgment against one of the joint debtors merged the original obligation in the judgment and the cause of action against the other defendants was thereby extinguished *King* v. *Hoare,* 13 *M. & W.* 495; *Kendall* v. *Hamilton,* 4 *App. Cas.* 504; *McLeod* v.

*Power,* 2 *Ch.* 295; *Hammond* v. *Schofield,* 1 *Q. B.* 453. The same determination was announced by our own Supreme Court in *Coles* v. *McKenna,* 80 *N. J. L.* 48; 76 *Atl. Rep.* 344, and the rule therein expressed was followed in *Leonardis* v. *Freda,* 8 *N. J. Mis. R.* 887; 152 *Atl. Rep.* 239. Therefore it has been the practice in such actions to enter an interlocutory judgment against the defendants who defaulted and where others have interposed a defense, a special venire was employed to try the issue as well as to assess the damages. 2 *Tidd Pr.* 895. The induction that the judgment of a court of record transformed the nature of the original cause of action logically introduced the sequel that the same original cause of action could not thereafter be made the subject of another action against some other defendant. *Coles* v. *McKenna, supra.*

In the present action a copy of the bond is attached to the amended complaint and reference is made to it in the body of the pleading. It may therefore be recognized. Supreme Court rule 37; *Loeb* v. *Barris,* 50 *N. J. L.* 382; 13 *Atl. Rep.* 602; *City of Bridgeton* v. *Fidelity and Deposit Co.,* 88 *N. J. L.* 645; 96 *Atl. Rep.* 918. *Cf. Harrison* v. *Vreeland,* 38 *N. J. L.* 366. The copy of the bond exhibits the true nature of the contractual obligation upon which the alleged cause of action is founded. It transpires that the defendants expressly engaged to bind themselves jointly and severally. Overlooking the form, the complaint therefore, in substance, alleges that the defendants are liable for the breach of a joint and several undertaking. Section 2:27-25 (Revision) is as follows: "Subject to rules, any person may be made a defendant, who jointly, severally or in the alternative, is alleged to have or claim any interest in the controversy, or any part thereof, adverse to plaintiff, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein." See, then, Supreme Court rule 17.

Supplementing these considerations reference may be made to the two additional sections of chapter 27 (Revision) relating to procedure in courts of law. Section 2:27-247 is as follows: "Judgment may be given for or against one or more

of several plaintiffs, and for or against one or more of several defendants; and the court may determine the ultimate rights of the parties on each side as between themselves, and may grant to a defendant any affirmative relief to which he may be entitled."

"If a complaint or cause of action is sustained in favor of or against only a part of the parties thereto, judgment, either interlocutory or final, may, at any stage of the proceeding, be rendered in favor of or against such parties respectively." Section 2:27-250 is as follows: "An unsatisfied judgment against one or more of several joint contractors shall not discharge the other joint contractors from liability on the contract."

The source of these sections of the revision is found in the Practice act of 1912. These two sections, except for some transposition of words and omissions to be presently mentioned, composed section 20 of the act of 1912. Perhaps the removal of the paragraph now designated 2:27-250 from its former context was purposeful and therefore significant.

I am asked somewhat urgently by the attorneys to determine the application, if any, of these sections of our statute to the situation existing in the present action. The language of section 2:27-250 seems to be explicit and definitely intelligible. Nevertheless, the decision in *Coles* v. *McKenna, supra,* has seemed to have continued to govern the pracatice. The case of *Leonardis* v. *Freda, supra,* was decided some years after the enactment of the Practice act of 1912 but it is not apparent from a reading of the opinion that the application of Section 20 of the Practice act (1912) was considered.

In 1910 our State Bar Association created a general committee to prepare and submit to the association a proposed supplement to the Practice act of 1903 with pertinent rules of court and adaptable forms. The object was to simplify our pleading and procedure and thereby expedite the determination of legal controversies. The proposed supplement was actually written and formulated by a subcommittee of which Messrs. Charles H. Hartshorne, Alfred F. Skinner and William M. Clevenger were the members. This subcommittee under date of January 6th, 1911, submitted a report to the

general committee of the association accompanied by a proposed supplement to the Practice act with schedules of suggested rules and forms. The proposed supplement was thereafter edited and with few changes ultimately became, by action of the legislature, our Practice act of 1912. A comparison of the proposed supplement drafted by the subcommittee with the supplement as actually enacted reveals that section 21 of the former was adopted as section 20 of the latter, to which was subjoined the following sentence: "One writ of execution may issue upon one or more judgments entered in the same cause." The subcommittee in the preparation of the proposed supplement for submission to the general committee uniformly gave references at the end of each section indicating the source from which the provisions of the section had been drawn together with the citation of any decisions of our own courts with which the provisions of the section were discordant. It is of interest to note that at the end of section 21 of the proposed supplement as submitted by the subcommittee the case of Coles v. McKenna is cited. Reference was also there made to the following rule promulgated under the Connecticut Practice act: "Where the plaintiff may, at his option, join several as defendants, or sue them separately, judgment without satisfaction against one shall not bar a suit against another."

Extrinsically, it may be stated in this mere memorandum that Mr. Clevenger assures me that section 21 of the proposed supplement submitted by his committee was intended to enable the plaintiff in an action against joint covenantors or obligors to enter a final judgment against one or more of them who failed to defend and to thereby permit the plaintiff to promptly obtain a judgment lien upon the property of such defendants and to nevertheless authorize a continued prosecution of the action against the remaining defendants. It was thought, it is said, that this could be safely done if the court were empowered to so control the proceedings that the plaintiff should receive but one satisfaction. The two sentences which were formerly embraced by section 20 of the Practice act (1912) and which have been omitted from sections 2:27-247 and 2:27-250 of the Revision are: "The court shall

control the proceedings so that the plaintiff shall receive but one satisfaction. One writ of execution may issue upon one or more judgments entered in the same cause."

In the present action the complaint manifestly declares that the basic contractual obligation of the parties is joint and several. It therefore suffices to conclude that under the existing statutes where several defendants are sued in one action for the breach of a joint and several contract or obligation, the entry of a final judgment against a defendant who has defaulted, does not bar the prosecution of the action against the remaining defendant or defendants unless and until the judgment so entered has been satisfied.

The second separate defense fails to aver that the judgment entered against the defendant Coia has been satisfied. The averments of this defense are therefore insufficient in law.

A rule in conformity with these conclusions may be presented.