Bernerd Carlin, Trading as Bernerd Carlin Organization, Appellee, v. Millers Motor Corporation, Appellant.

Gen. No. 35,580.

354

Heard in the first division of this court for the first district at the October term, 1931. Opinion filed February 29, 1932. Rehearing denied March 14, 1932.

BYRON TYLER and JOHN F. DENISSEN, for appellant.

MARVIN W. WALLACH, for appellee; ARTHUR C. LEWIN, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant seeks to reverse a judgment of $1,000 rendered against him in the county court of Cook county on May 5, 1931, in an action of assumpsit.

The record discloses that on May 15, 1931, plaintiff brought an action of assumpsit against the defendant, claiming $1,000 on account of the breach of a written contract for services which plaintiff apparently contends he performed for the defendant. The declaration was in one count and there was an affidavit of claim. The defendant filed a special plea and an affidavit of merits. Plaintiff filed a general demurrer to the plea and on May 5, the parties appeared before the county court to have the demurrer disposed of. The judgment order apparently was prepared by counsel and, after stating that the demurrer came on for hearing, continues: "IT IS ORDERED, ADJUDGED AND DECREED, that the motion of the defendant to carry back

to the declaration the demurrer of the plaintiff to the special plea, be and is hereby overruled, and

"FURTHERMORE, that the general demurrer of the plaintiff to the special plea of the defendant be and hereby is sustained." And the defendant electing to stand by its special plea it was defaulted for want of a plea. The next paragraph of the order is: "Furthermore, the motion of the plaintiff to strike the defendant's affidavit of merits to plaintiff's sworn statement of claim for failure to disclose a meritorious defense, be and is hereby sustained" and the defendant elected to stand by its affidavit of merits. The order then continues:

"THEREFORE, let judgment be entered for the plaintiff against the defendant on the merits for his damages in the amount of ONE THOUSAND DOLLARS ($1,000.00), together with plaintiff's costs, and that execution issue therefor." Then follow the prayer and allowance of appeal to this court. We have quoted from the order to show that it in no way follows the customary judgment order entered in a common law action. The judgment order does not speak the truth because it is obvious that judgment was entered on plaintiff's affidavit of claim; the defendant having been defaulted for want of a plea it was not entered against the defendant "on the merits" as the judgment order states.

The defendant having moved that the demurrer be carried back to the declaration, the first question for decision is the sufficiency of the declaration. *Rieman v. Morrison,* 264 Ill. 279; *Stott v. City of Chicago,* 205 Ill. 281 (erroneously cited by counsel for defendant as *Scott v. City of Chicago,* 205 Ill. 581); *Giddings v. Williams,* 336 Ill. 482 (also erroneously cited by counsel for defendant as 336 Ill. 432). The substance of the declaration is that on December 16, 1929, plaintiff being "by occupation an export counseler, and the defendant a manufacturer of marine motors," entered

into a certain agreement in writing whereby the defendant employed plaintiff "to represent and sell for him certain goods, wares and merchandise, connected with its said business as manufacturer of marine motors"; that the employment was for a period of five years commencing January 1, 1930; that "plaintiff then and there accepted the said employment, and in consideration thereof the defendant then and there . . . promised the plaintiff to pay him for such services" $2,400 per annum, payable monthly at the rate of $200 per month. And it is further averred that plaintiff "then and there entered into the employment of the defendant under a written contract, a true and correct copy of which is hereto attached and marked 'Plaintiff's Exhibit A,' and by reference is herein incorporated as if set forth in like words and figures; and plaintiff continued in such employment unto the present date"; but that the defendant refused to pay the $200 per month; that plaintiff was always ready and willing and "offered the defendant" to continue in the services of the defendant as aforesaid "and to perform all the duties required of him to be performed, according to the terms of the contract, heretofore referred to as 'Plaintiff's Exhibit A' " and that there was now due and owing from the defendant to the plaintiff $1,000, "being the amount due the plaintiff under said contract from the date of his employment as aforesaid until the first of May, A. D. 1930."

The defendant, in its plea to the declaration, referred to the contract attached to plaintiff's declaration as Exhibit A, and if the declaration and plea were to be considered in the absence of a demurrer, the defendant would not be in a position to contend, as he does here, that the contract attached as an exhibit is no part of the declaration under the common law system of pleading. But since we are testing the sufficiency of the declaration by demurrer, we must pass on its sufficiency without reference to the exhibit at-

tached, because such an exhibit is no part of the declaration in an action at common law. *Plew v. Board,* 274 Ill. 232. A pleading is to be taken more strongly against the pleader where it is tested by a demurrer, and, applying this rule to the declaration before us, we are of the opinion that the demurrer should have been sustained. The averments are uncertain in a number of particulars. It is first alleged that the parties entered into a written agreement dated December 16, 1929, whereby plaintiff was employed by defendant "to represent and sell marine motors for the defendant for a period of five years and commencing January 1, 1930"; that plaintiff accepted the employment and that defendant was to pay plaintiff $2,400 a year at the rate of $200 a month. It is then alleged that plaintiff then and there entered into the employment under a written contract, a true copy of which is said to be attached as plaintiff's Exhibit A. Whether this is the same contract mentioned above cannot be determined from a reading of the declaration without reference to the exhibit attached, which, under the law, we are not at liberty to notice. There is no specific allegation, as there should be, that plaintiff performed the services required of him under the contract, except inferentially. It is alleged that the plaintiff entered into the employment "under a written contract" attached as an exhibit, plaintiff apparently assuming to recover for five months' salary; but he should have alleged that he performed the services, as this is apparently his contention, as appears from counsel's brief. Moreover, we might point out that plaintiff's claim of $1,000 is based upon the allegation of plaintiff's employment from January 1 to May 1, a period of but four months, and which at $200 a month would be but $800; but plaintiff claims and has his judgment for $1,000.

Plaintiff entitled his case, "Bernerd Carlin d/b as Bernerd Carlin Organization." Section 18 of the

Schedule of the Constitution of 1870 provides that judicial proceedings shall be conducted and preserved in the "English language," which, since the legislative enactment of 1923 probably should be referred to as the "American language." Laws of 1923, paragraph 8, Cahill's 1931 Statutes, ch. 17b, p. 194.

The judgment of the county court of Cook county is reversed and the cause is remanded with directions to sustain the demurrer to the declaration. Of course the court will permit plaintiff to amend if so advised.

*Reversed and remanded with directions.*

McSurely and Matchett, JJ., concur.