Mary Wisz, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 37,470.

Opinion filed November 5, 1934.

HOYNE, O'CONNOR & RUBINKAM, for appellant.

IRVING BLOCK and ABE J. COHN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

February 26, 1931, the defendant Insurance company issued its certificate, under the terms and conditions of a group policy of insurance, to George Wisz, an employee of the Interlake Iron Corporation, whereby the defendant Insurance company agreed to pay plaintiff, Mary Wisz, wife of the insured, $1,500 if the death of her husband occurred while he was in the employ of such employer and while the group policy was in force. It also provided for the payment of total and permanent benefits.

George Wisz, the insured, worked as a laborer for his employer to and including October 30, 1931, when he was laid off because the employer was reducing his force. About five weeks thereafter, December 9, 1931, George Wisz was examined by a physician and found to be suffering from an advanced stage of pulmonary tuberculosis, from which he died August 1, 1933. He never worked after October 30, 1931. September 18, 1933, plaintiff brought suit on the certificate to recover its face, $1,500. There was a trial before the court without a jury, and a finding and judgment in plaintiff's favor for the amount of her claim, and defendant appeals.

Defendant contends that there is no liability because the insured was not employed by the Interlake Iron

Corporation after October 30, 1931; that the policy was canceled on that date; and that there was no liability under the policy unless the employee became totally and permanently disabled while in the employ of the Interlake Iron Corporation.

On the other hand, plaintiff's position is that George Wisz was afflicted with consumption while in the employ of the Interlake Iron Corporation, which disease "rendered him totally and permanently disabled prior to October 30, 1931"; that on that date he was "laid off"; that this did not terminate his employment; that under the terms of the policy he was entitled to receive monthly instalments which were never paid to him, and therefore plaintiff, the beneficiary in the certificate, is entitled to all the unpaid instalments in accordance with the terms of the policy; that the policy was never properly canceled.

The policy in question, like all insurance policies whether fire, life or indemnity, that it has been our duty to pass upon over a period of years, is long, involved and confusing. We have heretofore condemned the use of long policies in the case of *Kiefer Tanning Co. v. Alliance Ins. Co.*, 266 Ill. App. 362, which involved the construction of a fire insurance policy. We there said (p. 374):

"Why an insurance policy should not all be written on one page we are unable to understand. Certainly a policy of that length could be so drawn as to contain all the essential elements required to make a clear and concise contract."

And in addition to the lengthy and involved printed policy, the defendant Insurance company in naming the beneficiary has made use of the confusing fad, "and/or," which this court and other courts have condemned. *Preble v. Architectural Iron Workers' Union of Chicago*, 260 Ill. App. 435; *Tarjan v. National Surety Co.*, 268 Ill. App. 232; *Thibodeaux v. Uptown Motors Corp.*, 270 Ill. App. 191; *Putnam v. Industrial*

*Commission,* 80 Utah 187; *Clay County Abst. Co. v. McKay,* 226 Ala. 394; *Irving Trust Co. v. Rose,* 67 F. (2d) 89; *Ex parte Iratacable,* — Nev. —, 30 P. (2d) 284.

In the *Putnam* case, *supra,* the Supreme Court of Utah held that the misuse of the words "and/or" in the findings and judgment of the court rendered the findings and judgment so uncertain and indefinite as to require a reversal of the judgment.

In the instant case the certificate issued to George Wisz by the defendant Insurance company provided that the Insurance company would pay Mary Wisz $1,500 if the death of her husband occurred "while the Employee is in the employ of the Employer and while said Group Policy is in force. . . .

"The said Group Policy provides Total and Permanent Disability Benefits as described on the last page hereof"; and on the last page the certificate provides, "Under the terms of the Group Policy . . . an Employee shall be considered totally and permanently disabled who furnishes due proof to the Company that, while insured thereunder and prior to his 60th birthday, he has become so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation and performing any work for compensation or profit.

"Three months after receipt of such proof the Metropolitan Life Insurance Company will commence to pay to such Employee, in lieu of the payment of the insurance under said Policy at his death, equal monthly instalments, the number and amount of such instalments to depend upon the amount of insurance in force on the life of such Employee at such date, as shown in the following table: . . .

| Amount of Insurance | Number of Instalments | Amount of Each Instalment |
|---|---|---|
| $1500 | 60 | $27.00 * * * |

"Such instalment payments will be made only during the continuance of such disability.

"In the event of the death of the Employee during the period of total and permanent disability, any instalments remaining unpaid shall be commuted at three and one-half per centum per annum and paid in one sum or in instalments, to the designated Beneficiary. In the event of the recovery of the Employee from such disability before all instalments shall have been paid, payment of such instalments on account of such Employee shall cease. Insurance on the life of such Employee shall then be revived but shall be limited in amount to the commuted value at three and one-half per centum per annum of the instalments then remaining unpaid."

The group insurance policy issued by the defendant to the employer of George Wisz provides for the payment of premiums monthly by the employer to the Insurance company, a certain portion of which is charged to the employee, and that "The payment of any premium shall not maintain the insurance under this Policy in force beyond the date when the next premium becomes payable, except as provided in the next paragraph.

"A grace of thirty-one days without interest charge will be granted to the Employer for the payment of every premium after the first, during which period the insurance shall continue in force." The policy further provides for the discontinuance of the insurance where the employee is no longer employed by the insured and the employer agrees to report to the Insurance company, in writing, not later than the 21st of each month, all former employees who are no longer covered by the insurance. "Lay-off or Leave of Absence of six months or less, shall not be considered, . . . a termination of employment within the meaning of this Policy unless notification to the contrary shall have been given by the Employer to the Company within ten days after the date when such Lay-off . . . shall have commenced. . . .

"13. TOTAL AND PERMANENT DISABILITY BENEFITS. —Upon receipt at its Home Office in the City of New York, of due proof that any Employee, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, . . . the Company will waive the payment of further premiums as to such Employee and three months after receipt of such proof, will commence to pay, in lieu of the payment of insurance at his death, monthly instalments . . . to the said Employee or to a person designated by him for the purpose."

The undisputed evidence shows that George Wisz was laid off October 30, 1931, and under the express provision of the policy above quoted, his lay-off did not terminate his employment within the meaning of the policy unless the employer gave notice to the Insurance company to the contrary within 10 days after the lay-off. No such notice was given within the 10 days, but appears to have been given December 7, 1931. December 9, 1931, about six weeks after Wisz was laid off, he was examined by a physician who found him suffering from consumption, and that he was totally unable to work for more than one month prior to that date.

From this it appears that George Wisz was totally and permanently disabled before his employment terminated, and therefore the policy was in effect. And since he continued to be totally and permanently disabled until he died August 1, 1933, the Insurance company was liable under the policy to pay to him during his lifetime $27 a month, and after his death to pay to his widow, the beneficiary named in the certificate, the remainder of the 60 instalments. The provision of the certificate above quoted, that payment of the instalments "will be made only during the continuance of said disability," contemplates that the insured might regain his health, in which case the pay-

ments would cease, and does not apply in case of his death. The certificate from which we have above quoted provides that in the event of the death of Wisz "during the period of total and permanent disability, any instalments remaining unpaid shall be commuted at three and one-half per centum per annum." No instalments having been paid, computing the amount of the instalments in accordance with the quotation from the certificate just made, we find that the amount of the instalments remaining unpaid under such commutation is $1,484, or $16 less than the amount of the judgment. In these circumstances, plaintiff is entitled to a judgment for $1,484.

Defendant further contends that the judgment cannot stand because the proof claiming to establish the total disability of George Wisz was not submitted until July 8, 1932; that the proof was not in accordance with the terms of the policy but consisted merely of a letter to the defendant; that "Liability under the total and permanent disability clause of the contract is predicated upon receipt of due proof that the employee, while insured, has become totally and permanently disabled." Under the evidence in this case we think the proof was sufficient because when claim was made for payment under the certificate, liability was denied on the ground that George Wisz was not totally disabled while he was employed by the Interlake Iron Corporation.

The judgment of the municipal court of Chicago is reversed and judgment entered in this court in favor of plaintiff and against the defendant for $1,484; costs to be paid by the defendant.

*Judgment reversed and judgment entered in this court.*

McSurely and Matchett, JJ., concur.