City National Bank and Trust Company of Chicago, Appellee, v. Davis Hotel Corporation et al., Defendants. Abel Davis et al., Appellants.

Gen. No. 38,111.

Heard in the first division of this court for the first district at the February term, 1935. Opinion filed May 6, 1935.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, of Chicago, for appellants; DON KENNETH JONES and THOMAS R. MULROY, of Chicago, of counsel.

SAMUEL A. & LEONARD B. ETTELSON, of Chicago, for appellees. SAMUEL A. ETTELSON, as friend of Hon. Harry A. Lewis, as judge of Superior Court of Cook County; SAMUEL A. ETTELSON, EDWARD C. HIGGINS and CARL J. APPELL, all of Chicago, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

December 20, 1929, the predecessor trustee of the City National Bank & Trust Co. of Chicago filed its bill in chancery in the superior court of Cook county to foreclose a trust deed made and delivered by the Davis Hotel Corporation June 15, 1926, to secure an indebtedness of $2,500,000 represented by bonds of the same date. The bill was in the usual form and prayed for the relief usually asked in such cases and also for general relief. December 23rd thereafter a receiver was appointed.

January 24, 1935, the court, upon consideration of the report of the receiver filed January 4, 1935, entered an order removing the receiver and appointing Oscar Weiner successor. Afterward on the same day the court entered an order reciting in substance that the cause came on further to be heard on the order of substitution of trustee (complainant) theretofore made; that it appeared to the court from the records, proceedings and petitions on file that a sale was held by the master in chancery under the decree of the court; that the sale had not yet been confirmed and that objections by certain bondholders to such confirmation were pending. The order then recited:

". . . it is necessary to protect the jurisdiction of this court so that it may finally dispose of the matters now pending before it in connection with the administration of the trust estate and with the reorganization plan pending herein;

"And the court having taken judicial notice of the prevailing practice now for litigants to attempt to remove the subject matter from the State court to other jurisdictions because of fear of an adverse decision, as was heretofore done in many other instances, and in order to protect the jurisdiction of this court, and to uphold its dignity so that it may dispose of the

matters now pending before it to a final determination;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court, *of its own motion,* that all parties, their agents, solicitors and attorneys, be and are hereby restrained and enjoined from taking any action, directly or indirectly, tending to interfere with the jurisdiction of this court of the subject matter until such time as this court will have passed upon the matters now pending before it and all parties, their agents, solicitors and attorneys, be and are hereby further restrained from using any of the bonds deposited under any depositary agreement for the purpose of soliciting the bondholders in connection with any reorganization scheme, and to take any action thereon until the further order of this court."

It will be noticed that the order is unusual in that it does not purport to be entered upon the motion or application of any party to the litigation. There was, so far as the record shows, no motion, no affidavit, no prayer, no facts presented by any party to the suit justifying such an order. It was entered solely upon the initiative of the trial judge. The proceeding is also unusual in this court in that an appearance has been entered and a brief filed by a solicitor who described himself as "friend of Honorable Harry A. Lewis, as Judge of the Superior Court of Cook County." In the same brief appear the names of four other persons who are described as "appellees," and whose interest in the subject matter of the litigation is disclosed to be that of bondholders.

The brief sets up Rule 21 of this court and contends that by reason of it we may not consider this appeal on the merits. The rule provides:

"Where an interlocutory order or decree is entered on an *ex parte* application, the party proposing to take an appeal therefrom shall first present, on

notice, a motion to vacate the order or decree to the trial court entering such order or decree.'' No such motion was made, and it is urged that it was necessary such motion should have been first made and overruled ''in order to create a proper basis for an interlocutory appeal to this court.'' The contention cannot be sustained. The rule in question is by express terms limited not only to interlocutory orders or decrees but to such orders or decrees as are entered on ''an *ex parte* application.'' Here the order expressly says that it is upon the court's own motion, based upon matters within the court's own knowledge. It therefore affirmatively appears from this statement of the brief that the order was not entered upon an *ex parte* hearing. The chancellor is not a party to the proceeding. The function he is supposed to perform is inconsistent with the idea that he should have any interest whatsoever in the subject matter of the litigation. He cannot try a case in his own court. We cannot understand upon what theory it may be supposed that upon an appeal taken from an order entered by him he can properly become a party thereto and entitled to appear by ''friend'' or otherwise. In *State v. Dickman,* 175 Mo. App. 543, 157 S. W. 1012, the court said:

''A judicial proceeding, order, injunction, etc., is said to be *ex parte* when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested.'' We think this statement defines accurately the phrase *ex parte* as used in Rule 21 of this court. Within that definition an order entered by the court on its own motion and based upon its own personal knowledge cannot be said to be *ex parte*. The purpose of the rule was to prevent appeals from orders entered under circumstances indicating only partial and one-sided consideration. That reason does not apply where a court of its own motion deliberately enters the order.

By consent of those filing briefs a supplemental record has been filed in this court which discloses that the action the court feared was about to be taken was that the debtor might file a petition in the United States District Court for reorganization under section 77B of the Bankruptcy Act. Under the decisions of the court and other state and federal courts, the superior court of Cook county was without jurisdiction to enter such order, and it is void. *DeKalb Trust & Savings Bank v. DePaul Educational Aid Society,* 278 Ill. App. 102; *Morgan v. State,* 154 Ark. 273; *In re Henn,* 114 N. J. Eq. 452; *In re Kepecs,* 123 N. Y. S. 872; *In re Sterba,* 74 F. (2d) 413.

One other matter which appears from the pleadings filed in this case deserves attention. In many cases filed in this court hitherto we have condemned in unmeasured terms the pollution of our language through the use of such combinations of words as ''and/or'' and ''was/were.'' The use of these has been condemned by this court in *Preble v. Architectural Iron Workers' Union,* 260 Ill. App. 435; *Carlin v. Millers Motor Corp.,* 265 Ill. App. 353; *Tarjan v. National Surety Co.,* 268 Ill. App. 232; *Thibodeaux v. Uptown Motors Corp.,* 270 Ill. App. 191; *Wisz v. Metropolitan Life Ins. Co.,* 277 Ill. App. 343; by the courts of Alabama in *Clay County Abstract Co. v. McKay,* 226 Ala. 394; by the courts of Louisiana in *State v. Dudley,* 159 La. 872; by the courts of Utah in *Putnam v. Industrial Commission,* 80 Utah 187; by the courts of Nevada in *Ex parte Iratacable,* 30 P. (2d) 284; by the Federal Court in *Irving Trust Co. v. Rose,* 67 F. (2d) 89. The practice has also been condemned by leaders of the bar. See American Bar Association Journal, editions of July, August, September and October, 1932. The Senate of the United States, we are glad to note, has expurgated such language from pending legislation.

We hoped it would not be necessary to again refer to the use of such symbols by the legal profession in

this district. In the order appointing the Chicago Title and Trust Co., a corporation, receiver we find in tiresome and vain repetitions these further abominations: "it/he," "its/his," "it/him," all worthy of barbarian genesis. In view of the fact the receiver was a corporation the use of "he," "his," and "him" indicates a confusion of thought not to be tolerated. And/or, was/were, is/are, it/he, its/his, it/him—so do bad habits grow. It is only fair to say that none of the attorneys of record in this court is responsible for the use of these symbols.

For the reasons indicated the order of the superior court is reversed.

*Order reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.