People of the State of Illinois, Defendant in Error,
v. Jim Smith and Robertson Smith, Plaintiffs in
Error.

Gen. No. 42,000.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed June 1, 1942.

COBURN & COBURN, of Chicago, for plaintiffs in error; LOUIS T. HERZON, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; NATHAN KINNALLY and JOHN J. PHILLIPS, Assistant State's Attorneys, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

An information was filed charging Jim Smith, the father, and Robertson Smith and John Smith, his sons, with the violation of the Illinois Securities act in that they sold and offered to sell shares of stock in the Jim Smith, Incorporated, an Illinois corporation, without compliance with the provisions of that act. There was a trial before the court without a jury and during the hearing the case was nollied as to John Smith. The other two defendants were found guilty and sentenced to jail for a period of 90 days and they prosecute this writ of error.

The record discloses that the Smiths were engaged in the advertising business and February 3, 1937, incorporated under the laws of the State of Illinois as the "Jim Smith, Incorporated" with offices at 20 North Wacker Drive, Chicago. The purpose of the business, as stated in the articles of incorporation, was to conduct a general advertising agency. The number of shares of stock was to be 1,000 of no par value. The three men were conducting the business at 20 North Wacker Drive and some time in 1935, defendant Robertson Smith was in Minneapolis and became acquainted with Lucille Anderson, who lived in St. Paul, with her mother. He courted her and afterward they became engaged to be married. She and her mother, Ida Anderson, visited the Smiths who lived in Glen Ellyn, a suburb of Chicago. The evidence is to the effect that the father, Jim Smith, stated the advertising business was promising but that it lacked capital and suggested that Mrs. Anderson might invest some of her savings in the stock of the company. Afterward Mrs. Anderson bought 15 shares of stock in the Jim Smith, Incorporated and April 12, 1937, gave her check on a Minneapolis bank where she kept her account, for $1,500 payable to the order of Jim Smith, Incorporated. The stock certificate for those shares was enclosed in a letter written

at Chicago addressed to her at St. Paul, Minn., by Jim Smith, Incorporated, and signed by defendant, Jim Smith. On this letter the letterhead is printed as follows "Jim Smith, Incorporated, Advertising, 20 North Wacker Drive, Chicago." Smith said: "Dear Mrs. Anderson: Enclosed is Certificate No. 7 for fifteen (15) shares of our stock. This certificate is made out to IDA and/or LUCILLE J. ANDERSON; which is the way I understand you desire. Know you can rate this as one of your good investments—one that you can be sure of. And I know it will do all of us a lot of good. You may have your dividends semi-annually or quarterly and if you will tell us which you prefer we shall set up accordingly. Will you please sign the enclosed receipt; and when you are here you can sign the stock book. Yours truly, JIM SMITH INCORPORATED. Jim Smith." (Lest we might seem to approve the wording of this letter see *Tarjan v. National Surety Co.*, 268 Ill. App. 232; *City Nat. Bank & Trust Co. v. Davis Hotel Corp.*, 280 Ill. App. 247.)

Afterward Mrs. Anderson bought 15 more shares of stock for $1,500 in payment of which she made her check on the Minneapolis bank dated May 5, 1937, payable to the order of Jim Smith, Incorporated, and received a certificate of stock for shares of stock in Jim Smith, Incorporated. The first certificate for 15 shares is signed by Jim Smith, President, and Robertson Smith, Vice-President, and the second certificate is signed by Jim Smith, President, and John Smith, Secretary.

Afterward Jim Smith, Incorporated was still hard up and in need of funds and this fact was told to Mrs. Anderson and her daughter by defendants. November 4, 1937, Mrs. Anderson loaned the company $1,000 and gave her check on a Chicago bank (she and her daughter having in the meantime moved to Glen Ellyn) payable to the order of Jim Smith, Incorporated, and December 16, 1937, another check

drawn in the same manner for $1,500. These two latter sums were loans to Jim Smith, Incorporated. She never received any dividends or any repayment of the $2,500. The engagement between the daughter and Robertson Smith was broken and afterward the matter was called to the attention of the State's Attorney of Cook county. The stock was never registered as required by the Illinois Securities act.

The evidence is clear that the stock was not class "A" security and that before it could lawfully be sold compliance should have been made with the Illinois Securities act. The stock was wholly worthless as shown by the facts above mentioned and as appears from the records of the bank where Jim Smith, Incorporated did business.

Robertson Smith testified he worked for the company and his salary was about $9 a week over a period of time and that his brother, John, the other defendant who was dismissed out of the case, also worked for the company and his salary was less over a considerable period of time. There is evidence that the father's salary was about $50 a week.

Defendants contend the burden was on the People to prove beyond a reasonable doubt that the stock sold to plaintiff was not class "A" or class "B" stock and they further contend that the stock was not sold to Mrs. Anderson or her daughter but that the money was loaned by Mrs. Anderson to Jim Smith, Incorporated and that the certificates of stock were given to Mrs. Anderson as security only, as testified to by defendant, Jim Smith. They also contend that paragraph 2 of § 5 of the Ill. Securities law which provides "Securities of a corporation, when sold or distributed by it among its stockholders, without the payment of any commission or expenses to agents, solicitors or brokers, and without incurring any liability for any expenses whatsoever, in connection with the distribution thereof," [ch. 121½, § 5, par. 100, Ill.

Rev. Stat. 1937; Jones Ill. Stats. Ann. 13.05] exempts the 30 shares of stock in question from the provisions of the Illinois Securities Law. That the stock was owned by Jim Smith personally and therefore the act did not apply. The trial judge obviously did not agree that the stock was put up as security, or that it belonged to Jim Smith personally, and we think no other sensible view could be taken of the evidence. As stated, we think the evidence showed the stock was not class "A" and if the stock were class "B" within the meaning of the statute, the burden of proving such a fact was on defendants. *People v. Wilson,* 375 Ill. 506.

Defendants further contend the evidence fails to show that the sale of the stock was made in Cook county, Illinois. Without going into detail we think the evidence shows that when Mrs. Anderson and her daughter called at defendants' place of business, 20 North Wacker Drive, Chicago, it was practically agreed Mrs. Anderson would buy some of the stock. The evidence further shows that shortly thereafter, when she returned to Minnesota, Robertson Smith called at her home. She there gave him the check for $1,500 and a short time thereafter received the certificate for the 15 shares of stock mailed by defendant, Jim Smith, from 20 North Wacker Drive, Chicago. We think this was sufficient to show the sale of the stock was made in Cook county. Obviously the court will take judicial notice that Chicago is in Cook county.

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*

McSurely, P. J., and Matchett, J., concur.