Clifton M. Kimbrough et al., Appellees, v. Harrison Parker, Puritan Church et al., Appellants.

**Gen. No. 44,499.**

Opinion filed December 15, 1948. Released for publication January 5, 1949.

STEPHEN LEE, of Chicago, for appellants.

WILLIAM E. COLLINS, of Rockford and HAROLD W. HUFF, of Chicago, for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiffs filed a complaint praying, among other things, for an injunction, and served notice on certain of the defendants that they would move for a temporary injunction. When the motion was presented no one appeared in opposition. The court thereupon entered an order for a temporary injunction. Certain defendants appeal.

 Rule 31 of the Supreme Court provides that where an interlocutory order or decree is entered on an *ex parte* application, the party proposing to take an appeal therefrom shall first present, on notice, a motion to vacate the order or decree to the court that entered such order or decree, and that appeal may be taken if the motion is denied, or if the court does not act thereon within seven days after its presentation. In the instant case there was no attempt to comply with this rule. A litigant who does not urge his points before the chancellor cannot do so on appeal. Appellants seek to avoid the application of the rule by arguing that since notice was served the interlocutory order was not entered on an *ex parte* application. In *City Nat. Bank & Trust Co. of Chicago v. Davis Hotel Corp.*, 280 Ill. App. 247, 251, we said, on authority of *State v. Dickmann*, 175 Mo. App. 543, 157 S. W. 1012, that an order is said to be *ex parte* when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested. As the motion for the injunction was not contested, we hold that it was an *ex parte* application within the meaning of Rule 31. For failure to comply with the provisions of this rule, the appeal is dismissed at appellants' costs.

*Appeal dismissed.*

KILEY and LEWE, JJ., concur.