EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY and another, Appellants, vs. TOLLEFSEN and others, Defendants: STANDARD ACCIDENT INSURANCE COMPANY, Respondent.

*October 10—November 5, 1935.*

For the appellants there was a brief by *Bruemmer &
Bruemmer* of Kewaunee, and oral argument by *L. W.
Bruemmer.*

For the respondent there was a brief by *Lines, Spooner &
Quarles* of Milwaukee, attorneys, and *M. U. Hayden* of
Detroit, Michigan, and *Howard A. Hartman* of Milwaukee
of counsel, and oral argument by *Mr. Hartman.*

FOWLER, J. The only provisions of the policy in suit deemed by the parties material to the appeal are the coverage clause insuring the defendants "C. D. Brower, Jr. *and/or* the Sturgeon Bay Company," as the "named assured," and the exclusion clauses exempting from coverage, (1) "any accident to any employee or employees of the assured arising out of and in the usual course of . . . the business . . . of the assured," and (2) "any obligation assumed by or imposed upon the assured under any workmen's compensation agreement, plan or law." We must assume, in addition, that the policy contains the provisions required by sec. 204.30, Stats., relating to automobile indemnity insurance, one of which is that the indemnity shall extend "to any person . . . legally responsible for the operation" of the automobile covered.

It is manifest that we are confronted with the task of first construing "and/or," that befuddling, nameless thing, that Janus-faced verbal monstrosity, neither word nor phrase, the child of a brain of some one too lazy or too dull to express his precise meaning, or too dull to know what he did mean, now commonly used by lawyers in drafting legal documents, through carelessness or ignorance or as a cunning device to conceal rather than express meaning with view to furthering the interest of their clients. We have even observed the "thing" in statutes, in the opinions of courts, and in statements in briefs of counsel, some learned and some not.

The appellants contend that the purpose and intent of the policy as to Brower is to indemnify him against damage through accidents caused by him or his employees in operating the truck in carrying on his business; that the word "assured" in the exclusion clause of the policy should be construed as referring only to employees of Brower. The respondents contend that the word "assured" in the exclu-

sion clause refers to both Brower and the Sturgeon Bay Company, and that by that clause accidents causing injury to an employee of either are excluded.

We are of opinion that the policy should be construed as indemnifying Brower against damage through injuries to persons done by the truck while in operation in the conduct of his business, except as to injuries to his employees; as indemnifying the Sturgeon Bay Company against damage through injuries to persons done by the truck while in operation in the conduct of its business, except as to injuries to its employees; and as indemnifying both Brower and the Sturgeon Bay Company from damage through injuries to persons done by the truck when and if in operation in business being conducted by them jointly, except as to employees employed by them jointly. If Brower had been operating the truck as the agent of the Sturgeon Bay Company, instead of as an independent contractor, so that both were responsible for its operation, then it might be that each of them would be held to be a named assured, and the injury to Pichette, an employee of the Sturgeon Bay Company, would be excluded from coverage, but that case is not before us and is not decided. This gives to "and/or" all its implications. It renders somewhat inexact our reference to the "verbal monstrosity" as "Janus-faced," for it imputes to it more than two faces, but the appellation may stand for want of one better fitting. The "thing" is reasonably subject to that interpretation. If it is also subject to the interpretation contended for by the respondents, it is ambiguous, and by familiar rule, ambiguities in insurance policies are construed most favorably to the insured. If the construction given differs from the meaning actually entertained and intended to be conveyed by the company when it issued its policy, the company has only itself or its draftsman to blame, and it is justly penalized for attempting to express—or perhaps to

conceal—the meaning intended by the use of a mere mark upon paper.

We have referred to our construction of the policy as reasonable, and we should perhaps state the reason for it more in detail. Brower manifestly intended when he procured the policy in suit to secure indemnity against damage through injuries except to his own empolyees inflicted upon persons in the operation of his truck in his business. Such is the purpose of every such policy. It is the duty of insurers to provide such indemnity by their policies. Sec. 204.30 (1) and (3), Stats., provides that the indemnity furnished against loss or damage for injury to a person caused by any motor vehicle shall "extend to any person . . . legally responsible for the operation" of the motor vehicle. We may rightly infer that this provision is in the policy in suit. Brower was the person legally responsible for the operation of the truck, and the policy must provide the indemnity thereby secured. The purpose of the statute, and thus the purpose of the policy, was to indemnify the operator of the truck. Thus Brower, not the Sturgeon Bay Company, was the assured, while the truck was being operated in his business. The exclusions of coverage in the policy must of course be given force. But it is the employees of the assured that are exempted, and the assured, under the facts involved in the instant case, was Brower. If the Sturgeon Bay Company had been operating the truck, its employees would have been exempted from the coverage. But it was not operating the truck, and its employee Pichette was not exempted. Under the facts stated, Brower is liable in tort to compensate Pichette for all injuries sustained. Pichette is entitled to that compensation from the joint tort-feasors, except such part thereof as the workmen's compensation statutes secure to the plaintiff by reason of its payment of the award of the industrial commission against the Sturgeon Bay Company.

The respondent is the insurer of one of the joint tort-feasor defendants, and the judgment herein may properly be framed to provide the indemnity to which Brower is entitled.

The respondents contend that the decision in *Bernard v. Wisconsin Automobile Ins. Co.* 210 Wis. 133, 245 N. W. 200, rules the case in its favor. A clause there involved was practically identical with (1), above stated, and was correctly construed as excluding injuries to the "named assured." Our construction of the policy in suit is not at all in conflict with that construction, but follows it, as under this policy there is only one "named assured" in any accident, except an accident occurring in carrying on a business being conducted by the two "named assureds" jointly or one occurring where the relation of principal and agent exists between them, and such an accident is not here involved.

The respondents also contend that they are exempt from liability because the exclusion clause of the policy exempts them from liability for injuries for which the assured may be liable because of the Workmen's Compensation Act, and cite the *Bernard Case, supra,* in support of this contention also. The exclusion clause involved in that case was also identical with the exclusion clause (2), above stated. What is said next above as to exclusion clause (1) applies equally as to exclusion clause (2). Brower is the "assured" under the facts of the instant case. Brower sustained no liability under the Workmen's Compensation Act for the injury to Pichette, for Pichette was not his employee. It was the Sturgeon Bay Company who sustained liability under the act for Pichette's injury, for Pichette was its employee, but the Sturgeon Bay Company is not the "named assured" in the accident here involved.

The respondents set out, in the part of their answer containing the separate defense involved, a contract between Brower and the Sturgeon Bay Company pursuant to which

the work in progress when Pichette was injured was done, by which Brower was obligated to carry insurance on his trucks that would protect both the Sturgeon Bay Company and Brower against damages to pedestrians and travelers on the highway and "fully protect them both in all cases," and invokes this provision as somehow supporting their contentions. We do not perceive that the provision in any way does so. So far as it goes it indicates that its purpose was to protect against damages for injuries to pedestrians and travelers that might be injured by the trucks upon the highway if not against other persons, and that automobile indemnity insurance, and not workmen's compensation insurance, was contemplated by the parties. But whatever its import, it is entirely beside this case, except as it shows that Brower's purpose in procuring the policy was to fully protect himself as well as the Sturgeon Bay Company against damages for injuries done by the trucks as specified in the contract. This was a contract between Brower and the Sturgeon Bay Company. The respondent was not a party to it. It was not made for the benefit of the respondent. The respondent has no rights under it or because of it. It is bound by the policy that it issued, regardless of whether that policy met the requirements or exceeded the requirements of Brower's obligation under the contract with the Sturgeon Bay Company.

*By the Court.*—The order of the circuit court is reversed, and the record is remanded with directions to vacate the order of dismissal of the Standard Accident Insurance Company and for further proceedings according to law.