Charles J. R. Sproule and/or The Fidelity Life Insurance Company of Philadelphia, Appellee, v. Edward J. Taffe, Appellant.

Gen. No. 39,830.

Opinion filed March 21, 1938. Rehearing denied April 4, 1938.

Rudnick & Wolfe, of Chicago, for appellant.

Ivan Barton Goode, of Chicago, for appellee; George A. Gordon, of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

"Charles J. R. Sproule, Trustee and/or The Fidelity Life Insurance Company of Philadelphia, a corpo-

ration," caused judgment by confession on a written lease to be entered against Edward J. Taffe. The statement of claim alleged that the lease was attached to it and that the claim was for "rent accruing on said lease from the 1st day of March, 1937, for the months of all March and April balance, $8.75 at $37.50 per month amounting to $46.25" and claim was also made for $14.44 for attorney's fees, making a total of $60.69, for which amount judgment was entered, a cognovit having been attached to the statement of claim. Afterward defendant filed a motion to vacate the judgment; the motion was overruled and he appeals.

The sole ground urged for reversal is that the entire proceeding, including the judgment, is so uncertain and indefinite as to require a reversal of the judgment. The lease which was prepared by the landlord or landlords recites that it is between Charles J. R. Sproule and/or the Fidelity Life Insurance Co. of Philadelphia and the tenant Taffe.

We have many times condemned in unmeasured terms the use of "and/or" as a "confusing fad," "accuracy destroying symbol," "pollution of the English language," that "barbarism," "unsightly hieroglyphic," "verbal teratism," and other terms of a similar character that we could think of up to this time. See *Preble v. Architectural Union,* 260 Ill. App. 435; *Tarjan v. National Surety Co.,* 268 Ill. App. 232; *Thibodeaux v. Uptown Motors Corp.,* 270 Ill. App. 191; *City Nat. Bank v. Davis Hotel Corp.,* 280 Ill. App. 247; *Gallopin v. Continental Cas. Co.,* 290 Ill. App. 8. Many courts of other jurisdictions have, in like terms, condemned the use of this symbol, a few of which are *Clay County Abstract Co. v. McKay,* 226 Ala. 394, 140 So. 407; *Bell v. Wayne,* 116 W. Va. 280, 181 S. E. 609; *Employers' Ins. Co. v. Tollefsen,* 219 Wis. 434, 263 N. W. 376; *Equitable Life Ass'n v. Hemenover,* 100 Col. 231, 67 Pac. (2d) 80; *State v. Dudley,* 159 La. 872;.

*Putnam v. Industrial Comm.*, 80 Utah 187, 14 Pac. (2d) 973.

In the *Dudley* case the Supreme Court of Louisiana was endeavoring to construe a statute where the confusing symbol was used, and in the course of the opinion discussed the use of it in contracts. In this connection it was said (p. 878) : ''In other words such an expression in a contract amounts in effect to a direction to those charged with construing the contract to give it such interpretation as will best accord with the equity of the situation, and for that purpose to use either 'and' *or* 'or' and *be held down to neither."*

In the *Putnam* case (80 Utah 187, 14 Pac. (2d) 973) the Supreme Court of Utah reversed a judgment in a workman's compensation case, one of the grounds being that the use of ''and/or'' in findings and judgments rendered them too uncertain and indefinite to support the award. The court there said (p. 984) : ''We think the findings and judgment too uncertain to give effect to them. And, for that and other reasons stated, the award is annulled, and the cause remanded to the commission for further proceedings.''

In 11 Ency. Pl. & Prac. 949, it is said: ''A judgment not designating in whose favor it is rendered is void for uncertainty.''

In the instant case the judgment does not designate with any degree of certainty in whose favor it is rendered, and under the rule it is void for uncertainty; for that reason the judgment is reversed and the cause is remanded.

We think we ought to say that counsel for plaintiff or plaintiffs state they had no part in drawing the lease.

*Reversed and remanded.*

McSURELY and MATCHETT, JJ., concur.