JAMES H. FISHER (BY NEXT FRIEND) ET AL., RESPONDENTS, v. HEALY'S SPECIAL TOURS, INCORPORATED, IMPLEADED, ETC., APPELLANTS.

Submitted May 27, 1938—Decided October 17, 1938.

For the appellants, *Cecil W. Rotzell*.

For the respondents, *Samuel T. French*.

The opinion of the court was delivered by

PARKER, J. Two corporations were named as defendants in the several writs of summons in the five separate suits, the other corporation being "Healy's Incorporated." The

complaints charged that "Healy's Incorporated and/or Healy's Special Tours were the owners of a motor bus and operating the same," and that it was the duty of said defendants, either or both of them, to use due care, &c., but that said bus, by the negligence of said defendants, "either or both of them," collided with an automobile in which four of the plaintiffs and the decedent of the fifth were riding, causing the death of the decedent and injuries to the others. The evident object of framing the complaints in this way was to cover in one pleading the alternatives of one corporation, or the other, or both jointly, appearing on the proofs to be liable in damages. The practice of alternative pleading has been recognized in this state for over a quarter of a century. Practice act of 1912, section 6, and rule 8 appended thereto, now rule 18 of the Supreme Court. But the expression "and/or," while much in vogue of recent years in commercial circles and even in certain acts of the legislature, has never been accredited in this state as good pleading or proper to form part of a judgment record, and has been severely criticised by many courts of high standing. *Cochrane* v. *Florida East Coast Railway Co.,* 107 *Fla.* 431, 435; *Employers Mutual, &c., Co.* v. *Tollefsen,* 219 *Wis.* 434; 263 *N. W. Rep.* 376, 377; *Equitable Life Assurance Society* v. *Hemenover (Col.),* 67 *Pac. Rep.* (2d) 80, 82; *Preble* v. *Architectural Workers' Union,* 260 *Ill. App.* 435; *Tarjan* v. *National Surety Co.,* 268 *Id.* 232; *Lamborn* v. *National Park Bank,* 208 *N. Y. Supp.* 428; *State* v. *Dudley,* 159 *La.* 872, 878. It seems odd that as early as 1855 an English court dealt with the matter. *Cuthbert* v. *Cumming,* 10 *Exch.* 807. In this state, our Supreme Court in 1934 was constrained to set aside a conviction under chapter 280 of *Pamph. L.* 1933, an amendment of the Disorderly Persons act, because of the conjunctive-disjunctive definition of the offense. *Montella* v. *State* (not reported), No. 232 January term, 1934. See, also, *Harchar* v. *Hurley,* 116 *N. J. L.* 18 (at *pp.* 20, 21). We concur in the disapproval of the expression by the courts of our sister states, and take this opportunity of registering that concurrence for the benefit of the bar. If the pleader is in doubt

which of two parties is liable, or whether both are liable, it is simple enough to adopt the language of the statute and charge them "jointly, severally, or in the alternative," as in effect he did say in the complaint, and not resort to a fractional form of expression which seems to have attained a certain vogue, temporary we hope, because of its bizarre character. For the purpose of this case, all doubt as to the party liable seems to have been resolved by a finding of the jury against Healy's Special Tours, Inc., alone. But here the appellants meet two difficulties. The first is that the printed book, while exhibiting a *postea* in each case, fails to show any final judgment, even against Healy's Special Tours, Inc., and this is good cause for dismissal of all the appeals. *Mayer* v. *Roche,* 73 *Atl. Rep.* 516; *Ludy* v. *Larsen, Ibid.* 516; *Stagway* v. *Riker,* 88 *Atl. Rep.* 1067. All these are decisions of this court, though not officially reported. Later and reported decisions are *Kleinman* v. *Globe and Rutgers Fire Insurance Co.,* 111 *N. J. L.* 374, 375, and *Ordinary* v. *Webb,* 112 *Id.* 395.

If this first difficulty could be surmounted, and if the record showed final judgments as regards Healy's Special Tours, Inc., there still appears to be no final judgment as to Healy's Incorporated, as to which the plaintiffs' counsel refused to stipulate for a discontinuance, but as to which no verdict was rendered, although both are included in the rules to show cause for new trial that were argued before the present appeal. The settled rule is that there must be a final determination as to all parties. *Gottfried* v. *Moge,* 106 *N. J. L.* 115; *Freint* v. *Gilmore,* 110 *Id.* 170; *Hofman Associates* v. *Snook,* 112 *Id.* 68; *De Salvo* v. *Friedman, Ibid.* 410. If the cases before us had been argued instead of submitted on briefs, these defects would doubtless have been observed and steps taken to complete the records. As it is, we necessarily take the situation as we find it.

The appeals will be dismissed with costs, and the records remitted to the Supreme Court to proceed further therein according to law. This disposition of the matter makes it unnecessary to determine separately an application presented by the appellant to this court after the submission of the

appeals, for what is called in the motion papers a "special *remittitur*" for the purpose of enabling the trial court to entertain and determine an application or applications by defendants below for a new trial on the ground of newly discovered evidence. Our dismissal of the appeals and consequent remission of the record place the whole litigation again under the control of the Supreme Court, which is therefore fully at liberty to hear and dispose of the proposed application for a new trial on the ground of newly discovered evidence, which ground was not embraced in the application for new trial prior to the taking of the appeals.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.