THE MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. PAUL C. KEMENY, JAMES J. POLITES, LOUIS KEMENY AND ADAM NOVAKY, DEFENDANTS.

Argued October 7, 1939—Decided October 27, 1939.

Before Justice CASE, sitting as a single justice pursuant to the statute.

For the plaintiff, *Louis Ogust*.

For the defendants Louis Kemeny and James J. Polites, *Paul C. Kemeny* and *I. Oscar Spevack*.

CASE, J. There are two motions, one on behalf of the named defendants "for an order vacating and/or arresting judgment entered in the above entitled cause against the defendants Louis Kemeny and James J. Polites," the other

on behalf of the plaintiff for an installment execution against the judgment debtor Polites.

The use of the expression "and/or" has been criticised by the Court of Errors and Appeals in *Fisher* v. *Healy's Special Tours*, 121 *N. J. L.* 198; 1 *Atl. Rep.* (*2d*) 848, and by the Supreme Court in *Harcher* v. *Hurley*, 116 *N. J. L.* 18, and in some unreported decisions, including those in *Mantella* v. *State* and *Lanzetta* v. *State*, Nos. 232 and 233, respectively, January term, 1933. Defendants' memorandum of law is entitled "On motion to arrest judgment." The oral argument was and the brief is obviously addressed to such a motion. I assume, therefore, that that is the objective.

As to the motion to arrest judgment against Louis Kemeny and Polites: The determination must, of course, rest upon the record, which discloses that Louis Kemeny, James J. Polites, Paul C. Kemeny and Adam Novaky were sued upon the joint and several obligation of those defendants under a promissory note in which, by the specific terms thereof, they "jointly and severally" promised to pay. Paul C. Kemeny and Adam Novaky defaulted and judgment interlocutory, followed by judgment final, was entered against them. Louis Kemeny and James J. Novaky answered and stood trial at the Middlesex Circuit before Circuit Court Judge Kinkead, jury being waived. Proofs having been taken and the matter heard, the trial court found for the plaintiff and against those defendants. *Postea* was signed June 9th, 1939, and judgment final was entered June 13th. It further appears that on June 9th, 1939, a motion for arrest of judgment was made before and denied by the trial judge. On August 4th, 1939, a motion similar to that now pending was dismissed by the chief justice. The order dismissing recites that the matter came on to be heard pursuant to notice and directs thus: the "attorney of the plaintiff having appeared in opposition and no one having appeared for the motion, it is dismissed." Plaintiff contends that the question is *res adjudicata*. I doubt whether that point is fully made, but if the facts shown by the files do nothing else, they emphasize the technicalities which the defendants have rather persistently interposed without establishing an effective defense on the merits.

The argument which the defendants now make in support of their motion to arrest is that the entry of judgment final against the two defaulting defendants barred the later entry of a judgment against the answering defendants. The argument is rested upon the decisions in *Coles* v. *McKenna,* 80 *N. J. L.* 48, and *Leonardis* v. *Freda,* 8 *N. J. Mis. R.* 887; 152 *Atl. Rep.* 239. In *Coles* v. McKenna the action was joint and the decision turned upon the legal principle that the right of action was single and could not be split, that the plaintiff was bound to join all the defendants who were jointly liable and could not have sued two of them alone and that therefore the liabilities merged in the first judgment final. Likewise in Leonardis *v.* Freda, which rested upon the decision in the Coles case, the debt sued upon was a joint debt. By the strict common law rules of pleadings I believe the plaintiff would have been compelled, in setting up a several as well as a joint obligation, to plead severally against each defendant. Here there is a single count grounding in joint and several liability. But the contention that, notwithstanding all obligors on a joint and several obligation have been brought in as defendants in a common suit, the entry of judgment final against such of them as default shall bar judgment against such of them as have answered and against whom the cause is regularly proceeding is highly technical and, as I conceive, against the trend of judicial rulings and statutory changes during the past quarter century or more. It is difficult to understand why in justice a plaintiff, in taking early judgment against a defaulting defendant, perhaps for the purpose of preventing a threatened dissipation of assets, should thereby bar himself from continuing the cause against answering defendants, even if the liability be only joint. *R. S.* 2:27-250, a re-enactment of a portion of section 20 of the 1912 Practice act (*Pamph. L.* 1912, *ch.* 231) provides that "An unsatisfied judgment against one or more of several joint contractors shall not discharge the other joint contractors from liability on the contract." If that enactment is to be taken at its face value, the moving defendants are subject to the enforcement of their original liability even on the assumption that that liability was only joint. But the case

as presented shows both joint and several liability, and upon that showing I conclude that the judgment final, remaining unpaid and unsatisfied, against the defaulting defendants did not bar further prosecution of the cause against the answering defendants. The motion is denied. Circuit Court Judge Jayne, sitting as a Supreme Court Commissioner, learnedly collated the cases and the statutes in *Ordinary* v. *Bastian,* 17 *N. J. Mis. R.* 105; 5 *Atl. Rep.* (*2d*) 463.

*Quære:* Is it now too late, the judgment having been entered, for a motion in arrest to be made? It appears to be the general rule that the time for moving in arrest of judgment is after verdict and before judgment. 34 *C. J.* 42. That rule seems to be followed in Connecticut (*Rogers Manufacturing Co.* v. *Rogers,* 38 *Conn.* 121); Vermont (*State* v. *O'Neil,* 29 *Atl. Rep.* 376), and Indiana (*Smith* v. *Biesaida,* 90 *N. E. Rep.* 1009), and marked, it seems, the practice at common law. Blackstone in Book III, chapter XXIV, of his Commentaries, discussing the procedure on civil judgment and its incidents, mentions the adding of the *postea* to the roll, preliminary to the entry of judgment, and says: "Judgment may, however, for certain purposes be suspended, or finally arrested; for it cannot be entered till the next term after trial had, and that upon notice to the other party. So that * * * if, notwithstanding the issue of fact be regularly decided, it appears that the complaint was either not actionable in itself, or not made with sufficient precision and accuracy, the party may supersede it by arresting or staying the judgment;" that if the court be of the opinion that the judgment should be arrested, "the judgment shall be arrested, and never entered for the plaintiff;" and that if the judgment be not arrested within the first four days of the next term after the trial, "it is then to be entered on the roll or record;" and in Book IV the same writer, speaking on the criminal side, of the incidents following the verdict of guilt, says that "whenever he [the defendant] appears in person, upon either a capital or inferior conviction, he may at this period, as well as at his arraignment, offer any exceptions to the indictment, in arrest or stay of judgment * * *. If all these resources fail, the court must pronounce that judgment which the law

hath annexed to the crime * * *." Likewise, *Tidd's Practice* (at *p.* *904) states that the motion in arrest is to be made "within the time limited by the rule for judgment in the King's Bench" (viz., before the time for the entry of judgment). That, namely, the making of the motion to arrest on the coming in of the *postea* and before entry of judgment, was the practice followed in *Farwell* v. *Smith,* 16 *N. J. L.* 133, opinion by Chief Justice Hornblower. Our Supreme Court, in *Hubbard* v. *Montross Shingle Co.,* 79 *Id.* 208, granted a motion to arrest judgment where the judgment seems to have been entered. But the question was neither raised nor decided; nor was it in *Paradise* v. *Great Eastern Stages, Inc.* (*Court of Errors and Appeals*), 114 *Id.* 365. The effect, if any, of Supreme Court rule 116, permitting judgment to be entered forthwith upon the filing of *postea,* is to be considered. As the decision in the instant case goes on other grounds I venture to state the question without undertaking to decide it.

Disposition of the defendants' motion having been made, no sound reason is given why the plaintiff should not prevail on its application for an installment execution against the wages of Polites. Evidence taken on an order for discovery discloses the salient facts. Ten per centum of that judgment debtor's wage may be applied to the execution on plaintiff's judgment.