Celia Ward, the complainant, in 1931 subscribed for 35 shares of preferred stock of Jersey Central Power and Light Company. As nearly as I can determine the fact, she told the employee of the company who took the order for the stock, that she wanted her sister's name, Nora T. Russo, to appear with her own on the stock certificate, with such effect that she, Celia, would get the dividends and control the stock in her lifetime, but Nora would have the stock after her death. To carry out her instructions, as best he knew how, he put on the subscription blank directions to issue the stock in the names of Celia and/or Nora, and to make dividend checks payable to Celia. The price, $3,500, was duly paid, probably by Celia, although Nora claims to have paid a part. The certificate was issued to Celia and Nora "as joint tenants with *Page 182 
right of survivorship and not as tenants in common." Celia has been receiving the dividends and has possession of the certificate. The bill prays that the certificate be reformed so as to run to Celia "and/or" Nora. The company is indifferent to the rival claims of the sisters but it is unwilling to re-issue the certificate in the form which complainant desires.
The term "and/or" has its uses, but it is often employed for no better reason than that the draftsman has failed to think out his problem. Occasionally, the draftsman selects it because he prefers an ambiguous expression rather than a precise phrase which may have unforeseen consequences. Cases on the effect of the expression are collected in 118 A.L.R. 1367, and 3 C.J.S.1069.
Every stockholder is entitled to a certificate certifying the number of shares owned by him. R.S. 14:8-11. A stock certificate is a muniment of title, evidence that the person named therein is the owner of the shares.. Laden v. Baader,134 N.J. Eq. 24; 135 N.J. Eq. 13. If the stock certificate be issued in the form prayed for, it would, in effect, certify that Celia and Nora own the shares, or else Celia, or else Nora, owns them. Who would be the owner? If Celia and Nora offer separately, in person or by proxy, to vote the stock, will the chairman of the meeting have the right to recognize whichever he chooses? May the treasurer select the one to whom dividends should be paid? Can either sister, against the will of the other, transfer the stock to a third person? Can the creditors of one sister, by levy and sale, cut off the title of the other?
Our Corporation Law is based on the assumption that the stockholders of a corporation are certain persons whose holdings are recorded in the books of the corporation, as well as in their stock certificate. It is of great importance that there be no ambiguity in the matter. Wallach v. Stein, 103 N.J. Law 470.
The Uniform Stock Transfer Law contemplates that certificates will run only to a person as defined in R.S. 14:8-24: "`Person' includes a corporation or partnership, or two or more persons having a joint or common interest." A stock certificate should not be issued in the names of "A and/or B." *Page 183 
The case might also be considered from the standpoint of laches. The stock certificate was issued in substantial compliance with the directions of complainant; she accepted the certificate without demur and the transaction was thereby complete, fully executed. Complainant waited thirteen years, until the memory of what was said when she bought the stock, has become unreliable, and until it has become difficult to determine whether or not Nora contributed to the purchase. It is too late for her to complain.
The bill will be dismissed.