721 A.2d 1033

IN THE MATTER OF THE ESTATE OF MASSEY, DECEASED.

Superior Court of New Jersey
Chancery Division
Probate Part
Monmouth County

Decided October 13, 1998.

*Lynn A. Kenneally*, guardian *ad litem* for defendant Carly Hall.

*John L. Pritchard*, for defendant Jane Raphael.

No other appearances.

FISHER, P.J.Ch.

The simply stated, yet deeply, perplexing issue raised involves a bequest in a Will which directed that one-third of the residue should pass "to my niece, DIANE HALL and/or Grandniece, CARLY HALL." Beyond the shadow of any doubt, the use of the phrase "and/or" in that setting is utterly ambiguous and convolutes the ascertainment of the decedent's intent.

Indeed, the use of "and/or", notwithstanding its setting, has been roundly criticized—and deservedly so. In *Employers' Mut. Liability Ins. Co. v. Tollefsen*, 219 *Wis.* 434, 263 *N.W.* 376, 377 (Wis.1935), it was said:

> We are confronted with the task of first construing "and/or", that befuddling, nameless thing, that Janus-faced verbal monstrosity, neither word nor phrase, the child of a brain of someone too lazy or too dull to express his precise meaning, or too dull to know what he did mean ...

"And/or" has been quite rightly defamed on many occasions. The "golden age" of criticism for this phrase appears to be the 1930s, as most of the following citations reveal. *See Commercial Standard Ins. Co. v. Davis*, 68 *F.2d* 108, 109 (5th Cir.1933) ("linguistic abomination"); *Minor v. Thomasson*, 236 *Ala.* 247, 182 *So.* 16, 18 (Ala.1938) ("the interloping disjunctive -conjunctive-conjunctive-disjunctive conjunction"); *Cochrane v. Florida East Coast R. Co.*, 107 *Fla.* 431, 145 *So.* 217, 218 (Fla.1932) ("one of those inexcusable barbarisms which was sired by indolence and dammed by indifference ... senseless jargon"); *Tarjan v. National Surety Co.*, 268 *Ill.App.* 232 (1932) (a "freakish fad ... not found in the English language"); *Albers v. Indemnity Ins. Co.*, 283 *Ill.App.* 260 (1935) ("accuracy destroying"); *State v. Beacon Pub. Co.*, 141 *Kan.* 734, 42 *P.2d* 960, 965 (Kan.1935) ("certainty-destroying"); *Bell v. Wayne United Gas Co.*, 116 *W.Va.* 280, 281, 181 *S.E.* 609, 618 (W.Va.1935) ("a disingenuous, modernistic hybrid, inept and irri-

tating"); *State ex rel. Adler v. Douglas,* 339 *Mo.* 187, 95 *S.W.*2d 1179, 1180 (Mo.1936) ("meaningless symbol"); *Ollilo v. Clatskanie People's Utility Dist.,* 170 *Or.* 173, 132 *P.*2d 416, 419 (Or.1942) ("a sort of verbal monstrosity which courts have quite generally condemned"); *Holmes v. Gross,* 250 *Iowa* 238, 93 *N.W.*2d 714, 722 (Iowa 1958) ("that mongrel expression ... an equivocal connective, being neither positively conjunctive nor positively disjunctive"); *Equitable Life Assur. Soc. of the United States v. Hemenover,* 100 *Colo.* 231, 67 *P.*2d 80, 82 (Colo.1937) (should never be used in jury instructions since "certainly jurors could not be expected to interpret it"); *American Gen. Ins. Co. v. Webster,* 118 *S.W.*2d 1082, 1084 (Tex.Civ.App.1938) ("the abominable invention"); *Boggs v. Commonwealth,* 285 *Ky.* 558, 148 *S.W.*2d 703, 704 (Ky.1941) ("grammatical monstrosity"); *A.B.A.J.,* July 1932, at 456, ("[it is] a device for the encouragement of mental laziness"). The most noted appellate advocate of his age, John W. Davis, referred to "and/or" as a "pollution of the English language" and, on another occasion, said: "I assume that there is not a pestilent 'and/or' to be found in the brief from cover to cover; or if there is, that the court, jealous of our mother tongue, will stamp upon the base intruder." And, demonstrating that judges also stoop to use this cryptic short-cut, one reviewing court observed:

> The presiding judge murdered the King's, the Queen's, and everybody's English by using the monstrous linguistic abomination 'and/or' in this portion of the order. We are constrained to adjudge, however, that the judge's law is better than his grammar.
>
> [*Brown v. Guaranty Estates Corp.,* 239 *N.C.* 595, 80 *S.E.*2d 645, 653 (1954).]

"And/or" has been found in numerous contexts and dealt with accordingly by our own courts. *See Fisher v. Healy's Special Tours, Inc.,* 121 *N.J.L.* 198, 199, 1 *A.*2d 848 (E. & A.1938) (the complaint alleged that A and/or B "were the owners of a motor bus"; the court admonished the pleader that this unhappy phrase "has never been accredited in this state as good pleading" and, after citing some of the cases referred to above, "concur[red] in the disapproval of the expression by the courts of our sister states, and take this opportunity of registering that concurrence for the benefit of the bar."): *Howell v. Ohio Casualty Ins. Co.,* 130

*N.J.Super.* 350, 355, 327 *A.*2d 240 (App.Div.1974) (an insurance policy describing the insured as the husband and/or wife was found to be equivocal); *The National State Bank of Newark v. Morrison*, 7 *N.J.Super.* 333, 339, 70 *A.*2d 888 (Ch.Div.1949) (the power of appointment of a trust was given to the settlor's "widow and/or nephews and nieces"); *Ward v. Jersey Central Power & Light Co.*, 136 *N.J.Eq.* 181, 182, 41 *A.*2d 22 (Ch.1945) (plaintiff requested that a stock certificate be reformed so as to run to A and/or B; the Vice–Chancellor observed that "and/or" is "often employed for no better reason than that the draftsman has failed to think out his problem."); *Morris Plan. Indus. Bank of N.Y. v. Kemeny*, 123 *N.J.L.* 389, 390, 8 *A.*2d 769 (Sup.Ct.1939) (a motion which requested an order "vacating and/or arresting judgment", was duly criticized by the court); *State v. Jefferson*, 19 *N.J.Misc.* 678, 679, 23 *A.*2d 406 (Co.Ct.1941) (a criminal complaint accusing the defendant of "being a criminal and/or having a bad reputation" could not support a conviction).

Our courts have endeavored to divine the actual or probable intention behind such poor grammar. In *Manufacturers Trust Co. v. Earle*, 32 *N.J.Super.* 262, 266, 108 *A.*2d 115 (Ch.Div.1954), then Judge (later Justice) Sullivan sought to ascertain the meaning of a Will's direction that estate assets be invested in securities legal "under the laws of the State of New Jersey and/or the State of New York". Judge Sullivan concluded that "and/or" in that context must be translated to "or" for the clause to have the meaning intended by the testator. That holding epitomizes the manner in which our courts have approached "and/or" or the use of "or" when "and" was obviously intended and vice versa—namely, to seek out from the document itself or other extrinsic evidence the intent of the testator. For example, in a much older case, it was observed:

> Courts, it is true, sometimes in construing wills read "or" as meaning "and", and "and" as meaning "or", but such departures from the words of the will are never made, except it is plain that it is necessary to do so in order to give effect to what appears to be the clear intention of the testator.
>
> [*Cody v. Bunn*, 46 *N.J.Eq.* 131, 133, 18 *A.* 857 (Ch.1889) ("and/or" was not used in this case; rather, the testator used "or" which had the effect of producing a

nonsensical result unless "or" be viewed as "and"); *see also, Fidelity Union Trust Co. v. McGraw*, 138 *N.J.Eq.* 415, 425, 48 *A.*2d 279 (Ch.1946) (the testator "intended the word 'or' to be used in a conjunctive sense and not in a disjunctive sense"); *Shimer v.. Shimer's Ex'rs*, 50 *N.J.Eq.* 300, 302–03, 24 *A.* 385 (Ch.1892).]

The following discussion, from one of the leading treatises, best sums up the proper approach to the problem:

> The word "and" may be changed to read "or", and vice versa, provided, according to the cases, the word used is meaningless and the other word must be supplied in order to make sense, or provided, as it is otherwise put, the context, in the light of admissible evidence, clearly justified the alteration. Today, the standard, laid down by the law, when correcting miswritten or supplying omitted words is not clarity; it is this, namely—what was the testator's probable intention.
>
> [5A Clapp & Black, "Wills and Administration", *New Jersey Practice* (1982), § 242 at 37–8.]

■ Indeed, over one hundred years ago, Vice–Chancellor Pitney recognized this practice of changing words from the conjunctive to the disjunctive, or vice versa, when required by the context was then "well settled." *Shimer, supra*, 50 *N.J.Eq.* at 302–03, 24 *A.* 385. Again, it is not the goal of the court to construe a will by giving force to the accepted definition of each word, but to extract from the document or from other relevant evidence, the probable intention of the testator. *See, e.g.,* the separate opinions of Judge Jayne and Judge Clapp in *In re Klein's Estate*, 36 *N.J.Super.* 407, 116 *A.*2d 53 (App.Div.1955), approved in *Bank of New York v. Black*, 26 *N.J.* 276, 139 *A.*2d 393 (1958).[1] It should be plainly apparent that wringing the testator's probable intention from a direction containing "and/or" is no easy task. The time-honored device of swapping "and" for "or", or "or" for "and", to derive meaning is helpful in some instances, but the testator's simultaneous use of both the disjunctive and conjunctive can profoundly cloud the testator's probable intent.

---

[1] As Judge Jayne put the question: "Will the court execute the clear intent of the testator which is not fully or definitely expressed in the will, or will it, by a strict technical adherence to the form of words and their literal meaning, or the absence thereof, suffer the discernible intention of the testator to be defeated?" *Klein's Estate, supra*, 36 *N.J.Super.* at 408, 116 *A.*2d 53.

The appearance of the word "and" between two things conveys the intention to join those things together. So that if a testator says, "I give all my property to A *and* B", it may be assumed that both A and B are to share in that devise (although the drafter has failed to convey the degree to which A and B will share in that devise). The appearance of the word "or" between two things is meant to exclude one in favor of the other. Thus, if a testator says, "I give all my property to A *or* B", greater ambiguity arises; does the testator mean that if A does not survive the testator, then B is to receive all, and vice versa? In the present case, the drafter of the will has taken the former, somewhat unclear expression of the testator's intent and combined it with the latter, far more equivocal expression and created utter and, perhaps, insurmountable confusion.

What, after all, does "and/or" mean? "And" is easily defined, as is "or". There is, however, no known understanding as to what "/" means. Does "/" mean "and" or does it mean "or"? In other words, does "and/or" mean " 'and' *and* 'or' " or does it mean " 'and' *or* 'or' "? It is conceivable that if, in the present context, the court should translate "and/or" as " 'and' or 'or' ", *see, The Random House Dictionary of the English Language* (unabridged, 1967) at 55, then some sense could be divined from this unfortunate will. Using that definition of "and/or" as a Rosetta stone for deciphering the meaning of the devise in question, the result is: "I give all my property to A and B, or A or B". That, too, sounds peculiar but it could conceivably be translated further as "I give to A and B, but if one of them should predecease me, then I give to the survivor."

■ Considering the universal scorn for "and/or", and the harrowing prospect of deciphering sense out of any English sentence in which it is contained, it is startling to find "and/or" in a will drafted by an attorney at law. It is difficult to imagine many contexts in which the use of such gibberish could cause more damage. With contracts or other legal documents governing relationships between the living, on happening upon an ambiguity,

a court will look to the intent of the parties. While that can be an expensive proposition for litigants, some level of certainty can be provided by the testimony of the parties to the agreement as well as from the circumstances in which they created their agreement and how they acted after entering into it. If an ambiguity is found in a will, a court will similarly look for the probable intent of the testator. But that situation gives courts and litigants grave difficulty because, quite obviously, the testator is not available to explain what the will failed to clearly convey [2]. There is no end to the mischief caused by such inarticulate, if not illiterate, drafting. It seems to this court that the use of "and/or" in a will bespeaks negligence on the part of the drafter.

In this case, with admitted great unease, there would appear to be no doubt that the testator intended "and/or" to be given the meaning, suggested in the grammatical analysis set forth above, that Diane Hall and Carly Hall would equally share in one-third of the residue if they both survived the testator (and, if one of them did not survive the testator, then the other would receive the entire bequest). The only evidence suggested by the moving and opposing papers comes by way of the affidavit of the attorney who drafted this will. She states that it was her custom in drafting wills to use "and/or" to mean that the devisees would share equally if both survived the testator and that this is what the testator actually intended. While it is unsettling that the only extrinsic evidence to be explored on this issue comes from the drafter of such an equivocal will, there is no contention that other evidence is available to enlighten the testator's actual or probable intent. Accordingly, judgment may be entered in this matter so declaring the meaning of the provision of the will in question.

Counsel for defendant Carly Hall is directed to submit a proposed judgment in conformity with this Opinion.

---

[2] It has been said that the best evidence of life after death is the ability of judges to divine the intentions of a testator.